UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIMAERO IRELAND LIMITED,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>THE BOEING COMPANY,<br><br>　　　　　　Defendant. | CASE NO. C21-488 RSM<br><br>ORDER GRANTING LEAVE TO AMEND AND ADDITIONAL RELIEF |

## I. INTRODUCTION AND BACKGROUND

This lawsuit arose after Plaintiff Timaero Ireland Limited ("Timaero") agreed to purchase twenty-two 737 MAX airplanes from Defendant The Boeing Company ("Boeing"). The parties partially performed their agreement, with Timaero making a $189,224,800 deposit and Boeing delivering two airplanes. But before Boeing delivered additional planes, two 737 MAXs crashed from the sky, tragically claiming 346 lives. The crashes resulted in the worldwide grounding of all 737 MAXs and subsequent investigations pointed to Boeing's inclusion of a Maneuvering Characteristics Augmentation System ("MCAS") as a significant cause of the crashes. Scrutiny also revealed that Boeing concealed MCAS's true operation from the Federal Aviation Administration ("FAA") so that the FAA would certify the 737 MAX without requiring pilots to undergo costly flight simulator training, a selling point in Boeing's marketing of the 737 MAX.

ORDER – 1

1   As Boeing's conduct came to light, Timaero sued Boeing in the United States District Court for the Northern District of Illinois, seeking to recover its deposit and additional claimed damages. Timaero alleged that Boeing had acted fraudulently, had breached the parties' contract, and had breached the duty of good faith and fair dealing. Boeing sought to have part of Timaero's complaint dismissed and to have the case transferred to the Western District of Washington. The Honorable Rebecca R. Pallmeyer, United States District Court Judge, agreed with Boeing, dismissing Timaero's fraud and duty of good faith and fair dealing claims and transferring the case to this Court. Dkt. #82.

Timaero now seeks leave to amend its complaint to reallege claims that Judge Pallmeyer dismissed and additional claims it may have under Washington law. Dkt. #103. Timaero argues that allowing amendment of its complaint is consistent with both Judge Pallmeyer's intentions and the liberal amendment policy of the Federal Rules of Civil Procedure. Substantively, Timaero seeks to reallege its claims with the benefit of three documents that were released after Timaero last amended its complaint: two governmental reports on events surrounding Boeing's development of the 737 MAX and the subsequent crashes;[1] and a deferred prosecution agreement that Boeing entered to resolve criminal charges it faced. Dkts. #103-2, #103-4, and #103-5. Boeing opposes the request, noting that Timaero has already filed one amended complaint and arguing that Timaero's proposed amendments are inconsistent with its earlier allegations. Dkt. #106.

After briefing on Timaero's motion was complete, Timaero filed a motion seeking to supplement its motion for leave to amend its complaint. Dkt. #109. Timaero's motion sought to establish the relevance of a separate motion, filed in the criminal prosecution of Mr. Mark

---

[1] Reports were issued by the U.S. Department of Transportation Office of Inspector General (Dkt. #103-4) and the House Committee on Transportation and Infrastructure (Dkt. #103-5).

ORDER – 2

Forkner (the "Forkner Motion"). *United States v. Forkner*, Case No. 4:21-CR-00268-O, Dkt. #51 (N.D. Tex. Dec. 13, 2021) (Dkt. #109-1 in this case). Mr. Forkner—Boeing's former Chief Technical Pilot on the 737 MAX—was the only individual to face criminal prosecution because of Boeing's actions. With the Forkner Motion, his defense team sought to interview four unidentified FAA employees that prepared a PowerPoint presentation justifying their belief that Mr. Forkner was being made a scapegoat and that it was Boeing, as an entity, that was responsible for any criminal conduct. Timaero argued that the Forkner Motion was relevant to its request to amend its complaint because it demonstrated that Boeing, not any one individual, knew of and was responsible for conduct that Timaero alleges ultimately led to its damages in this case. *See* Dkt. #109. Boeing opposes, albeit with an untimely response, Timaero's motion to supplement on the basis that the motion is procedurally improper and that a motion filed in a separate case bares no relevance to the Court's consideration of Timaero's motion for leave to amend. Dkt. #110.

Additionally, Timaero's attorneys have filed a motion seeking to withdraw from their representation of Timaero in this matter. Dkt. #112. Boeing takes no position on that matter.

Having considered the pending motions and the briefing, the Court grants leave to amend, and grants counsel leave to withdraw.[2]

## II.   LEGAL STANDARDS

### A. Motion for Leave to Amend the Complaint

Leave to amend is to "be freely given when justice so requires." FED. R. CIV. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). The party opposing amendment has

---

[2] The Court does not separately address Plaintiff's motion to supplement as it ultimately seeks the same relief as Plaintiff's motion for leave to amend.

ORDER – 3

1   the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833

2   F.2d 183, 187 (9th Cir. 1987); *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir.

3   1988). Courts commonly consider five factors which may indicate that leave to amend is not

4   warranted: "'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to

5   cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . ,

6   [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th

7   Cir. 2010) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)). "Not all of the factors merit

8   equal weight. . . . [I]t is the consideration of prejudice to the opposing party that carries the

9   greatest weight." *Eminence Capital, LLC*, 316 F.3d at 1052 (citation omitted). "Absent

10  prejudice, or a strong showing of any of the remaining [] factors, there exists a *presumption* under

11  Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

12  **B.   Motion for Leave to Withdraw**

13  Pursuant to Local Civil Rule 83.2, "no attorney shall withdraw an appearance in any case,

14  civil or criminal, except by leave of court. Leave of court shall be obtained by filing a motion or

15  a stipulation and proposed order for withdrawal." LOCAL RULES W.D. WASH. LCR 83.2(b)(1).[3]

16  "When ruling on motions to withdraw, courts consider: (1) the reasons why withdrawal is sought;

17  (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause

18  to the administration of justice; and (4) the degree to which withdrawal will delay the resolution

19  of the case." *Bernstein v. City of Los Angeles*, No. CV1903349PAGJSX, 2020 WL 4288443, at

20  *1 (C.D. Cal. Feb. 25, 2020) (internal quotation marks and citations omitted). "The decision to

21  grant or deny an attorney's motion to withdraw as counsel is committed to the sound discretion

22  of the trial court." *Id.* (citing *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998)).

23

24  ---
[3] The local rule's exceptions do not apply here. LOCAL RULES W.D. WASH. LCR 83.2(b)(2)–(3).

ORDER – 4

### III. DISCUSSION

**A. Leave to Amend and Motion to Supplement**

The Court is satisfied with Timaero's reasons for seeking to reallege its claims. First, and as Timaero notes, Judge Pallmeyer clearly believed that Timaero would be afforded an opportunity to reallege the claims that she found lacking. Judge Pallmeyer expressly ruled that "Timaero's breach of contract claim survives this ruling, and Timaero will have leave to file an amended complaint to cure deficiencies identified here." Dkt. #82 at 1. Secondly, the investigations into Boeing's actions and the FAA's certification process and the resulting reports and deferred prosecution agreement have all shed additional light on the facts underlying Timaero's claims. Thirdly, this case has not proceeded so far that Boeing will be prejudiced by granting Timaero leave to amend. These justifications are especially strong when combined with the already strong presumption in favor of granting leave to amend.

In opposition, Boeing primarily argues that Timaero's proposed complaint conflicts with its earlier allegations. Specifically, Boeing points to Timaero's previous allegation that Boeing "expand[ed] the use of MCAS to lower-speed situations" in 2016—after the parties' first contract—and failed to "perform an additional safety analysis, or inform the FAA of its changes to the MCAS design." Dkt. #106 at 3. As a result, Boeing argues that Timaero's reliance on recently learned facts to allege that Boeing knew of the problems with MCAS between 2012 and 2014—before the parties' first contract—is inconsistent. But the Court does not fault Timaero for not knowing the precise timeline of what Boeing knew throughout the MCAS process. Boeing will not be unfairly prejudiced if it must respond to a revised timeline as Boeing already knows the timeline of its own actions. From afar Boeing could appear less than forthcoming and Timaero should be afforded an opportunity to adequately allege its claims as it now understands them, especially where Boeing has already admitted to engaging in a conspiracy "impairing,

ORDER – 5

obstructing, defeating, and interfering with the lawful" certification of the 737 MAX, for financial gain. *See* Dkt. #103-3 at 1. Boeing can test the veracity of the allegations at the appropriate time.

The Court is also not persuaded by Boeing's objection that Timaero has already filed an amended complaint in this action and that Boeing will be prejudiced by responding to yet another complaint. First, Timaero filed a first amended complaint as a matter of right after Boeing responded to its complaint with a motion to dismiss. *See* Dkts. #30 and #42. The legal sufficiency of Timaero's claims has only been judicially tested once and the strong presumption favoring leave to amend, even where a party does not request such relief, weighs heavily in Timaero's favor. *See Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012) ("A district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.") (cleaned up and citation omitted).

Having determined that Timaero should be afforded a chance to amend its claims, the Court turns to the motion to supplement, the purpose of which is not readily evident. Timaero appears to believe that the Forkner Motion is relevant to its claims. But the Forkner Motion is not mentioned in Timaero's proposed amended complaint. Dkt. #103. And it is not clear to the Court whether Timaero wishes to incorporate allegations based on the Forkner Motion, wants to append the Forkner Motion to its proposed amended complaint, or merely views the Forkner Motion as further supporting its request to allege its claims. Regardless, the Court is inclined to give Timaero a chance to amend its complaint regarding the Forkner Motion as it sees fit. This is especially true for the reasons discussed below.

ORDER – 6

### B. Motion for Leave to Withdraw

Timaero's local counsel, Bradford J. Axel, Joshua D. Harms, and Stokes Lawrence, P.S. have sought leave to withdraw. Dkt. #112. The request is primarily because "Timaero is an indirect subsidiary of the Russian Development Corporation ("VEB.RF")." *Id.* at 1. Following Russia's invasion of Ukraine, the United States imposed sanctions that generally prohibit "U.S. persons from providing services to VEB.RF or receiving payment from VEB.RF for those services without a specific" license. *Id.* While noting that the sanctions allow for representation "in connection with the '[i]nitiation and conduct of legal, arbitration, or administrative proceedings before any U.S. federal, state, or local court or agency,'" local counsel express their opposition to the Russian invasion and their desire not to be affiliated with VEB.RF in any way. *Id.* at 1–2. Local counsel indicate that Timaero's lead counsel, Michael Kosma of the Whitmyer IP Group, who is admitted *pro hac vice* before this Court, has received notice of the motion and the requirement that Timaero be represented by local counsel, but no local counsel has yet appeared on Timaero's behalf.

This Court's local rules provide that counsel, in a civil case, "will ordinarily be permitted to withdraw until sixty days before the discovery cut off date in a civil case." LOCAL RULES W.D. WASH. LCR 83.2(b)(1). Further, no interested party has expressed any objection to the possible withdrawal of Stokes Lawrence, P.S., and its attorneys. The Court will accordingly grant the request for leave to withdraw.

However, as Timaero has been made aware, it is required to be represented by counsel "admitted to practice before this court." LOCAL RULES W.D. WASH. LCR 83.2(b)(4); *see also* LCR 83.1(d)(1). Because the Court is granting local counsel's motion to withdraw while also granting Timaero leave to amend its complaint, the Court will take a relaxed approach, allowing

ORDER – 7

additional time for counsel to appear and to prepare and file an amended complaint with which they are comfortable, within the reasonable bounds of Timaero's proposed amended complaint.

## IV.     CONCLUSION

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that:

1. Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. #103) is GRANTED.

2. Plaintiff's Motion to Supplement the Record Supporting Plaintiff's Pending Motion for Leave to File Second Amended Complaint (Dkt. #109), to the extent a decision is necessary, is DENIED as moot.

3. Stokes Lawrence's Motion for Leave to Withdraw Under Local Rule 83.2 (Dkt. #112) is GRANTED.  Stokes Lawrence and its attorneys may withdraw at their convenience.

4. Plaintiff Timaero Ireland Limited shall secure, within thirty (30) days of this Order, local counsel to appear on its behalf.  Failure to appear through local counsel may result in dismissal of this action for failure to prosecute.

5. Within twenty-one (21) days of new local counsel appearing in this action, Plaintiff shall file a second amended complaint consistent with this Order.  Failure to timely file a second amended complaint may result in dismissal of this action for failure to prosecute.

DATED this 31st day of August, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 8