The Honorable Ricardo S. Martinez

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TIMAERO IRELAND LIMITED,<br><br>  Plaintiff,<br><br>  v.<br><br>THE BOEING COMPANY,<br><br>  Defendant. | Case No. 2:21-cv-00488-RSM<br><br>**JOINT STATUS REPORT AND DISCOVERY PLAN** |

Pursuant to Pursuant to the Court's Order of February 22, 2024 (Dkt. No. 135), Federal Rule of Civil Procedure ("FRCP") 26(f), and Local Civil Rule ("LCR") 26(f), counsel of record for Plaintiff Timaero Ireland Limited ("Timaero") (Gregory J. Hollon, Alan Harrison, and Henry M. Purtill), and counsel of record for Defendant The Boeing Company ("Boeing") (Kathleen M. O'Sullivan, Ulrike Connelly, and Sarah Schirack) met and conferred at a virtual FRCP 26(f) discovery conference on March 29, 2024. Counsel now submit the following as their Joint Status Report and Discovery Plan.

**1.    Nature and complexity of the case:**

**Plaintiff's Statement:** Timaero and Boeing agreed that Timaero would purchase twenty-two 737 MAX aircraft. It was understood that the aircraft would be safe to fly. Timaero paid Boeing more than $300,000,000 in consideration. Boeing delivered only two aircraft that were

not safe to fly, and delayed delivery of the remaining twenty aircraft for more than twelve months. Boeing retained more than $189,000,000 in advance payments, although the agreement required Boeing to return payments for aircraft that were not timely delivered and were terminated. By a letter dated April 19, 2021, Boeing formally terminated three aircraft (for which Timaero had paid more than $168,000,000 in advance according to Boeing's own ledger), asserted that only $51.3MM had been made in advance payments, and claimed that Boeing would retain the money to "offset damages caused by Customer's repudiation of the Purchase Agreement." But Boeing has not and cannot demonstrate any damages that were caused by Timaero repudiating the agreement and that were not mitigated by re-selling the twenty aircraft to other customers. Timaero asserts causes of action for (i) fraud, (ii) negligent misrepresentation, and (iii) breach of contract. Timaero seeks the return of the over $189,000,000 in advance payments for all twenty undelivered aircraft, which Boeing has re-sold to other customers. Timaero also seeks $50,000,000 in punitive damages for Boeing's fraud and misrepresentations. Timaero also seeks the costs of the suit, including reasonable attorney's fees.

Timaero intends to file a Motion to Amend the Complaint upon completion of preliminary discovery from Boeing concerning the Smartwings litigation.

**Defendant's Statement:** This dispute arises out of a Purchase Agreement and various Supplemental Agreements between Timaero and Boeing to purchase twenty-two Boeing 737 MAX aircraft. Timaero originally filed suit in Illinois, and Judge Pallmeyer dismissed Timaero's claims for fraudulent concealment, fraudulent inducement, and breach of the duty of good faith and fair dealing, and transferred the case to this court. Timaero has amended its Complaint twice already, and the current operative complaint is found at Dkt. 117 (Second Amended Complaint or SAC). In its Second Amended Complaint, Timaero asserted causes of action for fraud,

negligent misrepresentation, product liability, breach of contract, and unjust enrichment. Following the Court's Order Granting in Part Defendant's Motion to Dismiss (Dkt. 127), the remaining causes of action are for fraud, negligent misrepresentation, and breach of contract. Timaero is not entitled to recovery on any of its claims, whether pleaded or implied, nor is Timaero entitled to recover legal fees, costs, and/or punitive damages.

    **2.** **Proposed deadline for joining additional parties:** The parties do not anticipate joining additional parties, and given the pendency of the case, agree that the deadline to so join additional parties has passed.

    **3.** **Consent to all proceedings before Magistrate Judge:** No.

    **4.** **Discovery Plan:**

    **A.** **Initial disclosures:** The parties have already exchanged initial disclosures prior to the transfer of this case from the Northern District of Illinois (Case No. 1:19-cv-08234), following that court's February 10, 2020 Minute Order and Transcript (Dkt. 37, 38).

    **B.** **Subjects, timing, and potential phasing of discovery:**

The parties propose that discovery be conducted in accordance with the FRCP and the LCR for the Western District of Washington. The parties set forth their individual positions concerning the remainder of discovery below.

**Plaintiff's Position:** Timaero requests prompt production of all documents produced by Boeing in the Smartwings litigation previously before this Court (Case No. 2:21-cv-00918-RSM), with the same Bates numbers. These documents, which relate to Boeing's fraud on the FAA and the EASA, are relevant to Timaero's claims and are not otherwise accessible by Timaero. Because Boeing has already produced these documents, it should be possible to provide them no later than April 11, 2024. Timaero also seeks prompt production of all bills of

sale and purchase agreements for Boeing aircraft 60455, 60444, 60450, 60442, 60443, 60445, 60446, 60447, 60448, 60449, 60451, 60452, 60453, 60454, 60456, 60457, 64180, 64181, 60440 and 60441. These business records relate to Boeing's mitigation of alleged damages for which Boeing claimed an "offset" in the letter dated April 19, 2021. Because Boeing maintains these business records, it should be possible to provide them no later than April 11, 2024.

Upon production of these documents, Timaero intends to file a Motion to Amend the Complaint.

Timaero may seek further discovery regarding at least: Boeing's factory operations and sales of 737 MAX aircraft from 2019 through 2023; Boeing's frauds on the FAA and EASA; statements made by Boeing representatives to potential customers from 2013 through 2019 about training requirements for the 737 MAX.

Timaero anticipates that discovery can be completed by June 1, 2025.

**Defendant's Position:** Boeing will respond to requests for production, requests for admission, and interrogatories served in the due course of discovery in accordance with the Federal Rules of Civil Procedure, but not ones contained in a Rule 26 joint status report.

C.   **Electronically Stored Information ("ESI"):**

The parties are negotiating the form of an ESI Protocol based on the Western District of Washington's Model Agreement Regarding Discovery of Electronically Stored Information, with some revisions required by the nature of the documents anticipated to be produced, and they will be submitting the same in the near future with a request to enter the same (or resolve any outstanding disputes).

D.   **Privilege issues:**

**Plaintiff Position:** 737 MAX is a commercial aircraft that is constantly exported/re-

exported every time it makes an international flight. 737 MAX is not a military aircraft. Only the engines and radar in the 737 series aircraft are subject to any export controls. 737 MAX engines are high-bypass turbofans that are not dual use. Accordingly, 737 MAX engines are controlled under the EAR/Commerce Department, not under DOD/ITAR. Timaero will not be requesting engine schematics, radar schematics, turbine blade information, or any other technical information other than the publicly available workings of MCAS. No modifications are needed to the Model Stipulated Protective Order.

**Defendant Position:** Boeing will seek modifications to the Western District of Washington Model Stipulated Protective Order to provide for (1) additional protection of confidential and proprietary information, the disclosure of which would cause Boeing competitive harm, and (2) additional protection of information and documents that are subject to export control restrictions. (Boeing has sought, and been granted, very similar modifications to the model protocol in the related cases.)

**Joint Position:** The parties are discussing proposed modifications to the Model Stipulated Protective Order, including the content and timing of privilege logs and procedures to address any inadvertent disclosure of privileged or otherwise non-discoverable information or documents. The parties expect to agree to a provision for "claw back" of privileged materials or information inadvertently produced or disclosed by a party or by a third party, as provided by Federal Rule of Evidence 502.

E. **Proposed limitations on discovery:**

**Plaintiff's Position:** Timaero requests initial production of the ESI and other documents that are requested under Section 4(B) above. In case Boeing does not stipulate to civil fraud based on its admissions in the Deferred Prosecution Agreement, Timaero anticipates that this

case will necessitate extensive discovery to prove fraud, including potentially the use of more interrogatories and depositions than the FRCP generally allows. Accordingly, Timaero may seek permission to take more than the allowable number of depositions, to propound more than the allowable number of interrogatories, and perhaps to otherwise alter the limitations on discovery imposed by the FRCP.

**Defendant's Position:** At this time, Boeing does not see a need to deviate from the normal limitations imposed on discovery, but it will meet and confer with Plaintiff at any time to discuss necessary changes to the same.

      **F.**      **Need for any discovery related orders:** The parties intend to cooperate on discovery to the extent possible and as noted above, are currently negotiating an ESI Protocol and a Western District of Washington Protective Order. To the extent the parties are unable to reach agreement, the parties will seek a discovery order as appropriate.

**5.**      **Parties' views, proposals, and agreements:**

      **A.**      **Prompt case resolution:** The parties require adequate time to engage in discovery, including expert discovery.

The parties set forth their individual positions concerning the remainder of prompt case resolution below.

**Plaintiff's Position:** This case can be promptly resolved by Boeing's stipulation of liability and damages and repayment of the over $189MM retained by Boeing in contravention of the parties' agreement. Timaero will consider binding arbitration once discovery is complete.

**Defendant's Position:** Boeing remains willing to consider alternative dispute resolution and/or mediation at a later time.

      **B.**      **Alternative Dispute Resolution ("ADR"):**

**Plaintiff's Position**: Timaero does not agree to mediation. Timaero will attend a settlement conference with a Magistrate Judge after close of discovery.

**Defendant's Position:** Boeing remains willing to consider alternative dispute resolution and/or mediation at a later time. At this point, however, Boeing believes that any discussion between the parties, whether by informal means or a settlement conference, may implicate the existing U.S. sanctions regime against Russia, including potentially requiring a license from the Office of Foreign Asset Control given the possible involvement of sanctioned entities.

    **C.**    **Related cases:** The parties note the following related cases.

    i.    *Comair Limited v. The Boeing Company*

        Case No. 2:23-cv-00176-RSM
        Presiding Judge: The Honorable Ricardo S. Martinez

    ii.    *Polskie Linie Lotnicze LOT S.A. v. The Boeing Company*

        Case No. 2:21-cv-01449-RSM
        Presiding Judge: The Honorable Ricardo S. Martinez

    iii.    *AAA MAX 1 Limited, et al. v. The Boeing Company*

        Case No. 2:23cv-01356-RSM
        Presiding Judge: The Honorable Ricardo S. Martinez

    **D.**    **Discovery management:** The parties intend to manage the discovery process in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules. Topics regarding management of discovery listed in LCR 26(f)(1) are as follows:

    i.    **Forgoing or limiting depositions or exchanging documents informally:**

**Plaintiff's Position:** Timaero believes that production of documents and ESI as requested under Section 4(B), above, and Boeing's stipulations as requested under Section 9,

below, would allow for forgoing or limiting depositions. Alternatively, Timaero anticipates that the complexity of the case, particularly the technical complexity of the 737 MAX aircraft and MCAS and the number of potential witnesses and document custodians involved in the development, sale, and leasing of the 737 MAX, may require the parties to depart from the presumptive limits on the number of allowable search terms and the volume of search term hits in the WDWA's Model Agreement.

**Defendant's Position:** Boeing does not anticipate forgoing or limiting depositions or formal written discovery other than as limited by the Federal Rules of Civil Procedure, including requests for production of documents. Boeing does not believe that this case is sufficiently complex to warrant deviating from the presumptive discovery limits set forth in the Rules, but it remains willing to discuss reasonable adjustments with Timaero.

**ii.    Agreeing to share discovery from third parties and the cost of obtaining that discovery:** The parties agree to produce to each other any relevant documents obtained from third parties through subpoenas promptly upon receipt of such materials from a third party (and in no case more than ten days after such receipt). The parties do not agree to cost sharing arrangements at this time, but they do recognize that such an arrangement might later be appropriate depending on future circumstances. Should the issue arise, the parties intend to meet and confer to attempt to reach an agreement on cost sharing prior to raising the issue with the Court.

**iii.    Scheduling discovery or case management conferences with the judge assigned to the case as necessary:** The parties defer to the Court's preference, but do not believe a case management conference is necessary and that the Court can issue the necessary pretrial scheduling order based on the materials herein.

Case No. 2:21-CV-00488-RSM
JOINT STATUS REPORT AND DISCOVERY PLAN

      **iv.**      **Presenting discovery disputes to the Court by informal means:** The parties agree that the Expedited Joint Motion Procedure in LCR 37(a)(2) and/or the telephonic motion procedure in LCR 7(i) may be appropriate for presentation of certain discovery disputes in the event the parties are not able to resolve such disputes by agreement.

      **v.**      **Requesting the assistance of a Magistrate Judge for settlement conferences:** The parties agree to consider scheduling a settlement conference before a Magistrate Judge at some future date but are unwilling to agree to such a process at this time.

      **vi.**      **Requesting use of an abbreviated pretrial order:** The parties do not request use of an abbreviated pretrial order at this time.

      **vii.**      **Other orders the court should enter under LCRs 16(b) and 16(c):** The parties do not expect to request any such orders at this time.

      **E.**      **Anticipated discovery sought:**

    (i)    **<u>Timaero's anticipated discovery</u>**: Timaero anticipates that, if Boeing stipulates to civil fraud, Boeing's production of the ESI and documents requested under Section 4(B), above, will likely satisfy Timaero's needs. Alternatively, Timaero anticipates that discovery will include, but will not be limited to: Boeing's internal policies and procedures; Boeing's development of 737 MAX aircraft; Boeing's conduct during the certification of the 737 MAX; Boeing's development and implementation of MCAS in 737 MAX aircraft; Boeing's marketing and representations to Timaero and other customers; Boeing's knowledge with regard to the claims asserted in the Complaint; communications between Boeing and Timaero, and the basis of those communications; Boeing's internal communications regarding sales and leasing of 737 MAX aircraft to Timaero and others; Boeing's Deferred Prosecution Agreement and admissions thereto; expert opinions offered by Boeing; and any defenses and/or counterclaims Boeing

asserts.

(ii) **Boeing's anticipated additional discovery**: Boeing notes that Timaero is an Irish leasing company, SAC ¶ 1 (Dkt. 117), and that the representatives that negotiated and ultimately agreed to the various contracts also worked for VEB.Leasing and VEB.RF, which are Russian corporate entities, *see* SAC ¶304(2) (Dkt. 117); *see also* Dkt. 7 (Plaintiff's Corporate Disclosure). The meetings at the heart of Plaintiff's fraud claims all occurred in Moscow. *See, e.g., id.* ¶¶ 101, 119-120. Many of the Boeing representatives knowledgeable about the facts of this case are located in Europe, and their relevant materials needed in discovery may also be subject to the General Data Protection Regulations (GDPR); Timaero's files will also be subject to the GDPR. Discovery in Russia, especially under the current sanctions regime, is difficult at best, and very time-consuming. Boeing therefore anticipates that the parties will need to navigate extensive international discovery that requires a longer-than-normal case schedule.

Boeing anticipates needing discovery regarding the basis for Timaero's alleged damages; its internal discussion and analysis regarding acquisitions; the intended purpose and use for the purchased aircraft; the actual use for the purchased and delivered aircraft; Timaero's communications with lessors and other third parties in connection with Timaero's lease of the aircraft; the effect of the pandemic and governments' response to the pandemic on Timaero's alleged damages; and other subjects relating to the losses alleged by Timaero.

(iii) **Scope of permissible discovery**: Timaero and Boeing have not yet reached agreement on the proper subjects or scope of discovery, and the parties anticipate that those issues will require that the parties continue to meet and confer regarding discovery as it proceeds.

F. **Phasing motions:** The parties do not anticipate the need for phasing discovery at this time.

G.     **Preservation of discoverable information:** The parties have confirmed that their clients have taken appropriate measures to preserve relevant and discoverable information and documents.

H.     **Privilege issues:** *See* Section 4(D) above.

I.     **Model Protocol for Discovery of ESI:** *See* Section 4(C) above.

J.     **Alternatives to Model Protocol:** *See* Section 4(C) above.

6. **Date by which discovery can be completed:** The parties propose that fact discovery can be completed by June 6, 2025, and expert discovery can be completed by July 9, 2025.

7. **Whether case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way:** The parties agree that bifurcation is not needed.

8. **Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), 16(h), 16(i), 16(k), and 16.1 should be dispensed with in whole or in part for the sake of economy:** The parties agree that a pretrial statement and pretrial order will be useful to the parties in organizing the case, witness testimony, and exhibits.

9. **Any other suggestions for shortening or simplifying the case:**

**Plaintiff's Position:** Timaero believes that stipulations similar to those Boeing has already made in related litigation would greatly simplify this case and reduce the burden of litigation and eliminate duplicative efforts for the parties and for the Court. Specifically, Timaero requests that Boeing stipulates that (1) its representatives at the 2013 Paris Airshow told Timaero representatives that the 737 MAX aircraft would require only Level B differences training, (2) more than $189MM in purchase deposit payments were paid to Boeing by Timaero and no

aircraft were delivered in connection with those purchase deposit payments, (3) at paragraph 42 of the Deferred Prosecution Agreement, Boeing admitted to criminally defrauding the FAA by concealing changes to MCAS, and (4) inasmuch as concealment of changes to MCAS was a criminal fraud on the FAA, such concealment likewise was a civil fraud on Boeing's customers including Timaero. In the alternative to such stipulations, Timaero seeks leave to amend the Complaint after receipt of preliminary discovery regarding the Smartwings litigation in light of any additional facts that may be revealed.

**Defendant's Position:** Boeing will respond to any requests for admission served in accordance with the Federal Rules of Civil Procedure; it disagrees with Plaintiff that the stipulation sketched out above would be appropriate or able to resolve portions of the case. But some (or all) of Timaero's claims for relief may be addressed through a motion for summary judgment, which would limit the claims requiring a trial.

**10.**   **The date the case will be ready for trial:** The parties jointly propose the following case schedule:

| Case Event | Proposed Deadline |
| --- | --- |
| Deadline to file motions related to discovery | April 10, 2025 |
| Disclosure of expert reports under FRCP 26(a)(2) | May 6, 2025 |
| Fact Discovery closes | June 6, 2025 |
| Disclosure of any rebuttal expert reports under FRCP 26(a)(2) | June 13, 2025 |
| Expert discovery closes | July 9, 2025 |
| Any dispositive motion filed no later than: | September 25, 2025 |
| Filing of agreed pretrial order | November 3, 3025 |
| Trial briefs and pretrial submissions due | November 20, 2025 |
| Trial start date | December 1, 2025 |

**11.**   **Whether the trial will be jury or non-jury:**

The parties agree this will be a jury trial.

Case No. 2:21-CV-00488-RSM
JOINT STATUS REPORT AND DISCOVERY PLAN

**12.    The number of trial days required:**

**Plaintiff's Position:** Timaero proposes 7-10 court days.

**Defendant's Position:** Boeing proposes 10-15 court days.

**13.    The names, addresses, and telephone numbers of all trial counsel:**

    **A.    Plaintiff Timaero's Trial Counsel:**

        Wesley W. Whitmyer, Jr. (litigation@whipgroup.com)
        Alan Harrison (aharrison@whipgroup.com)
        600 Summer Street
        Stamford, CT 06901
        Phone: (203) 703-0800

        Gregory J. Hollon WSBA No. 26311 (ghollon@mcnaul.com)
        Timothy B. Fitzgerald, WSBA No. 45103 (tfitzgerald@mcnaul.com)
        One Union Square
        600 University Street, Suite 2700
        Seattle, Washington 98101
        Phone: (206) 467-1816

    **B.    Defendant Boeing's Trial Counsel:**

        Kathleen M. O'Sullivan (KOSullivan@perkinscoie.com)
        Ulrike B. Connelly (UConnelly@perkinscoie.com)
        1201 Third Avenue, Suite 4900
        Seattle, WA 98101
        Phone: (206) 359-8000

**14.    The dates on which the trial counsel may have complications to be considered in setting a trial date:** The parties have jointly proposed an early December trial date. The parties anticipate that witnesses will be unavailable during the week between Christmas and New Years. To the extent the Court cannot accommodate a December 1, 2025 trial start, the parties request setting the trial the next month to avoid the holiday season.

**15.    If, on the due date of the Report, all defendant(s) or respondents(s) have not been served, counsel for the plaintiff shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP**

Case No. 2:21-CV-00488-RSM
JOINT STATUS REPORT AND DISCOVERY PLAN

**26(f) conference and FRCP 26(a) initial disclosures:** The parties agree that the sole defendant at this time, Boeing, has been served.

16. **Whether any party requests a pretrial FRCP 16 conference with the Judge before entry of any order under Rule 16 or setting the schedule in the case:** No.

17. **List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to FRCP 7.1 and LCR 7.1:**

**Plaintiff's Statement:** Timaero filed a Corporate Disclosure Statement on December 17, 2019. Timaero filed an Amended Corporate Disclosure Statement on May 16, 2023.

**Defendant's Statement:** The Boeing Company filed a Corporate Disclosure Statement on April 1, 2024.

Submitted jointly on this 4th day of April, 2024:

WHITMYER IP GROUP LLC

By: *s/ Wesley W. Whitmyer, Jr.*
Wesley W. Whitmyer, Jr. (*pro hac vice*)
600 Summer Street
Stamford, CT  06901
Phone: (203) 703-0800 ph
Fax: (203) 703-0801 fax
Email: litigation@whipgroup.com
wwhitmyer@whipgroup.com

and

McNAUL EBEL NAWROT & HELGREN PLLC

By: *s/ Gregory J. Hollon*
Gregory J. Hollon, WSBA No. 26311
Timothy B. Fitzgerald, WSBA No. 45103
600 University Street, Suite 2700
Seattle, Washington 98101
Phone:  (206) 467-1816
Fax:       (206) 624-5128
Email:   ghollon@mcnaul.com
tfitzgerald@mcnaul.com
*Counsel for Timaero Ireland Limited*

Case No. 2:21-CV-00488-RSM
JOINT STATUS REPORT AND DISCOVERY PLAN

and

PERKINS COIE LLP

By: *s/ Ulrike B. Connelly*
    Kathleen M. O'Sullivan, WSBA No. 27850
    Harry Schneider, Jr., WSBA No. 9404
    Eric B. Wolff, WSBA No. 43047
    Ulrike B. Connelly, WSBA No. 42478
    Marten N. King, WSBA No. 57106
    **Perkins Coie LLP**
    1201 Third Avenue, Suite 4900
    Seattle, WA  98101-3099
    Telephone: 206.359.8000
    Facsimile: 206.359.9000
    Emails:
    KO'Sullivan@perkinscoie.com
    EWolff@perkinscoie.com
    HSchneider@perkinscoie.com
    UConnelly@perkinscoie.com
    MKing@perkinscoie.com
    *Counsel for The Boeing Company*