THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIMAERO IRELAND LIMITED,<br><br>        Plaintiff,<br><br>v.<br><br>THE BOEING COMPANY,<br><br>        Defendant. | No. 2:21-00488-RSM<br><br>JOINT STIPULATED MOTION AND [PROPOSED] ORDER FOR LEAVE TO FILE THIRD AMENDED COMPLAINT UNDER SEAL |

**INTRODUCTION**

Pursuant to Local Civil Rule 5(g)(2), Plaintiff Timaero Ireland Limited ("Timaero") and Defendant The Boeing Company ("Boeing") respectfully move this Court for leave to file Plaintiffs' Third Amended Complaint[1] under seal because it contains excerpts from and summaries of documents which contain confidential contractual terms. Boeing's position is that the full disclosure of this information is highly likely to result in harm to Boeing's and its airline customers' commercial interests. After Plaintiffs have filed their Third Amended Complaint, the parties will promptly meet and confer to assess which redactions could adequately protect those confidentiality concerns and file a motion to seal (if necessary) with the Court.

---

[1] As referenced in this Motion, "Third Amended Complaint" means both the redline and clean versions of the proposed Third Amended Complaint as required under LCR 15(b).

STIPULATED MOTION AND [PROPOSED]
ORDER FOR LEAVE TO FILE UNDER SEAL
(NO. 2:21-00488-RSM) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## LCR 5(G)(3)(A) CERTIFICATION

The parties have met and conferred and agree about the need for initially sealing the Plaintiffs' forthcoming Third Amended Complaint. In accordance with Local Civil Rule 5(g)(3)(A), the undersigned counsel certify that on July 12, 2024, Alan Harrison, on behalf of Plaintiffs, and Ulrike B. Connelly, on behalf of Boeing, conferred regarding Plaintiffs' intention to include references or excerpts of documents that contain confidential contract terms relating to the purchase and/or lease of commercial aircraft and associates services, the disclosure of which is likely to result in commercial harm to, at a minimum, Boeing and its airline customers.

The parties therefore agree that Plaintiffs' Third Amended Complaint would need to be filed under seal in the first instance, subject to this Court's approval. The parties further agree that, following Plaintiffs' filing of the Third Amended Complaint under seal, as well as this accompanying stipulated motion and proposed order, (1) the parties will meet and confer to discuss appropriate redactions to Plaintiffs' Third Amended Complaint, and, if needed, (2) Boeing will file a motion to seal those portions of the Third Amended Complaint that warrant permanent redaction from the public record within seven days of the filing of the Third Amended Complaint.

## LCR 5(G)(3)(B) LEGAL STANDARD AND ARGUMENT

When deciding whether to seal court records, courts "start with a strong presumption in favor of access to court records." *Cntr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "Nonetheless, access to judicial records is not absolute," and a court may seal its records if there are "compelling reasons" for doing so. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006); *see also Center for Auto Safety*, 809 F.3d at 1101–02 (applying "compelling reasons" standard to any motion that "is more than tangentially related to the merits of a case"). Examples of "compelling reasons" include "when a court record might be used 'to gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources

STIPULATED MOTION AND [PROPOSED] ORDER FOR LEAVE TO FILE UNDER SEAL (NO. 2:21-00488-RSM) – 2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1   of business information that might harm a litigant's competitive standing.'" *Center for Auto Safety*,
2   809 F.3d at 1097 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598–99 (1978)).

3   Here, sealing is warranted given the commercially sensitive nature of the excerpted agree-
4   ments (documents with which the parties are familiar), all of which are covered by contractual
5   confidentiality provisions. The excerpts of the agreements set out the contractual terms on which
6   Boeing sells aircraft to customers, including the terms of delivery, pricing, and product warranties.
7   Boeing contends that it does not publicly disclose information of this kind, and that the information
8   is particularly sensitive because Boeing and its customers negotiate contracts with the understand-
9   ing that their commercial terms will not be disclosed to the public.

10  Boeing's position is that disclosure of the commercially sensitive terms in the excerpted
11  agreements would result in competitive harm to Boeing and its customers. If another aircraft man-
12  ufacturer learns of these terms, Boeing asserts that it would be unfairly disadvantaged because the
13  competitor could craft its offers with full knowledge of and unilateral insight into the confidential
14  package of pricing, services, and other terms that Boeing offers its customers. That unfair ad-
15  vantage would arise by virtue of the litigation process, not through any business advantage that the
16  competitor earned. Likewise, Boeing maintains that disclosure of the excerpted agreements would
17  give other airline customers access to confidential pricing, services, and other contract terms that
18  Boeing offers. According to Boeing, such access would afford airline customers unearned leverage
19  in negotiations with Boeing—leverage that would arise by virtue of a routine filing in a litigation
20  unrelated to those business entities, rather than through any competitive advantage that the busi-
21  ness entities earned.

22  Plaintiffs do not take a position at this time about whether permanent sealing is warranted,
23  but agree it is appropriate to file the Third Amended Complaint under seal in the first instance to
24  allow Boeing further time to assess the pleading and its need to be redacted or sealed.

25  This Court has previously approved of sealing in very similar circumstances. *See, e.g.*,
26  *Polskie Linie Lotnicze LOT S.A. v. Boeing Co.*, No. C21-1449-RSM, Dkt. Nos. 44 (approving a

STIPULATED MOTION AND [PROPOSED]
ORDER FOR LEAVE TO FILE UNDER SEAL
(NO. 2:21-00488-RSM) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

redacted First Amended Complaint to be filed); 52 (approving the filing of a redacted motion to dismiss); 60 (approving the filing of a redacted opposition brief); *Comair Ltd. v. Boeing Co.*, No. 2:23-cv-00176-RSM, Dkt. Nos. 27 (approving filing of redacted motion to dismiss), 38 (approving the filing of a redacted opposition brief). Other courts have consistently permitted parties to redact or file under seal similar contractual information on the grounds that it is commercially and competitive sensitive. *See, e.g.*, *KM Enters., Inc. v. Glob. Traffic Techs., Inc.*, 725 F.3d 718, 734 (7th Cir. 2013) (sealing "customer and pricing data"); *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1223 (Fed. Cir. 2013) (redacting "product-specific financial information"); *Amgen Inc. v. Amneal Pharms. LLC*, 2021 WL 4843959, at *2 (D. Del. Oct. 18, 2021) (sealing "contract price at which [manufacturer] sells the . . . product to each customer" and the "chargebacks, rebates, and discounts provided to each customer"); *In re: Dendreon Corp. Class Action Litig.*, 2012 WL 12896179, at *1 (W.D. Wash. May 11, 2012) (sealing sensitive and confidential business information and trade secrets contained in motion to dismiss). As Judge Posner reasoned, information of this type gives "unearned competitive advantage" to other firms, and "the American public does not need to know [such information] in order to evaluate the handling of this litigation by the judiciary." *SmithKline Beecham Corp. v. Pentech Pharms., Inc.*, 261 F. Supp. 2d 1002, 1008 (N.D. Ill. 2003).

Finally, the parties do not propose keeping the entirety of the Third Amended Complaint under seal. *See* LCR 5(g)(3)(B)(iii) (requiring the least restrictive method to ensure protection of material to be sealed). Instead, Boeing anticipates being able to redact only some portions of the Third Amended Complaint (as it did in both the *LOT* and *Comair* litigations).

## CONCLUSION

For the foregoing reasons, the parties respectfully request that this Court order the Third Amended Complaint be filed under seal. Within seven days of the Court's order sealing the initial filing, Boeing will file a motion to seal to propose more limited redactions sufficient to protect its interests.

STIPULATED MOTION AND [PROPOSED]
ORDER FOR LEAVE TO FILE UNDER SEAL
(NO. 2:21-00488-RSM) – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

IT IS SO STIPULATED by and between the Parties.

| | |
|---|---|
| RESPECTFULLY SUBMITTED this 12th day of July, 2024.<br><br>I certify that this motion/memorandum contains 1,203 words, in compliance with the Local Civil Rules. | By:  *s/ Ulrike B. Connelly*<br>Kathleen M. O'Sullivan, WSBA No. 27850<br>Harry H. Schneider, Jr., WSBA No. 9404<br>Eric B. Wolff, WSBA No. 43047<br>Ulrike B. Connelly, WSBA No. 42478<br>Marten N. King, WSBA No. 57106<br>**Perkins Coie LLP**<br>1201 Third Avenue, Suite 4900<br>Seattle, Washington 98101-3099<br>Telephone: +1.206.359.8000<br>Facsimile: +1.206.359.9000<br>KO'Sullivan@perkinscoie.com<br>HSchneider@perkinscoie.com<br>EWolff@perkinscoie.com<br>UConnelly@perkinscoie.com<br>MKing@perkinscoie.com<br><br>*Attorneys for Defendant The Boeing Company*<br><br>By:  *s/ Alan Harrison*<br>Alan Harrison, *pro hac vice*<br>600 Summer Street<br>Stamford, Connecticut 06901<br>Telephone: +1.203.703.0800<br>Facsimile:+1.203.703.0801<br>aharrison@whipgroup.com<br><br>Gregory J. Hollon, WSBA No. 26311<br>Timothy B. Fitzgerald, WSBA No. 45103<br>600 University Street, Suite 2700<br>Seattle, Washington 98101<br>Phone: +1.206.467.1816<br>Fax: +1.206.624.5128<br>ghollon@mcnaul.com<br>tfitzgerald@mcnaul.com<br><br>*Attorneys for Plaintiff* |

STIPULATED MOTION AND [PROPOSED] ORDER FOR LEAVE TO FILE UNDER SEAL (NO. 2:21-00488-RSM) – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**[PROPOSED] ORDER**

Based on the stipulated motion, the Court hereby DIRECTS the Clerk of the Court to maintain under seal Plaintiffs' Third Amended Complaint.

Boeing will file a motion to seal within seven days of this order to propose redactions to the Third Amended Complaint.

DATED this _____ day of July, 2024.

_____
THE HONORABLE RICARDO S. MARTINEZ
UNITED STATES DISTRICT COURT JUDGE

STIPULATED MOTION AND [PROPOSED]
ORDER FOR LEAVE TO FILE UNDER SEAL
(NO. 2:21-00488-RSM) – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000