THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIMAERO IRELAND LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>THE BOEING COMPANY,<br><br>Defendant. | No. 2:21-cv-00488-RSM<br><br>**STIPULATED AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION**<br><br>**AND [PROPOSED] ORDER** |

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.    General Principles**

1.    An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2.    As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible. This agreement is intended to assist the parties in identifying relevant, responsive information that has

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle. Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

been stored electronically and is proportional to the needs of the case. The agreement does not supplant the parties' obligations to comply with Fed. R. Civ. P. 34.

### B.    ESI Disclosures

The parties may agree in writing to change the timing of these disclosures. In the absence of any such agreements, the parties agree that within 30 days of the entry of this Order, each party shall disclose:

1.    Custodians. The ten custodians most likely to have discoverable ESI in their possession, custody, or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under the custodian's control.

2.    Non-custodial Data Sources. A list of non-custodial data sources (e.g., shared drives, servers), if any, likely to contain discoverable ESI.

3.    Third-Party Data Sources. A list of third-party data sources, if any, likely to contain discoverable ESI (e.g., third-party email providers, mobile device providers, cloud storage) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4.    Inaccessible Data. A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

5.    Foreign data privacy laws. Nothing in this Order is intended to prevent either party from complying with the requirements of a foreign country's data privacy laws, e.g., the European Union's General Data Protection Regulation (GDPR) (EU) 2016/679. The parties acknowledge that custodians with relevant information for this matter are likely located outside of the U.S.

STIPULATED AGREEMENT REGARDING DISCOVERY
OF ELECTRONICALLY STORED INFORMATION AND
ORDER  (NO. 2:21-CV-00488-RSM)- 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

C.     **ESI Discovery Procedures**

1.     <u>On-site inspection of electronic media</u>. Such an inspection shall not be required absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2.     <u>Search methodology</u>. The parties shall timely confer to attempt to reach agreement on appropriate search terms and queries, file type and date restrictions, data sources (including custodians), and other appropriate computer- or technology-aided methodologies, before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search methodology as discovery progresses.

a.     Prior to running searches:

(i)     The producing party shall disclose the data sources (including custodians), search terms and queries, any file type and date restrictions, and any other methodology that it proposes to use to locate ESI likely to contain responsive and discoverable information. The producing party may provide unique hit counts for each search query.

(ii)     After disclosure, the parties will engage in a meet and confer process regarding additional terms sought by the non-producing party, if the requesting party timely requests such a meet and confer.

(iii)     The following provisions apply to search terms / queries of the requesting party. Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. The producing party may identify each search term or query returning overbroad results demonstrating the overbroad results and a counter proposal correcting the overbroad search or query (if possible).

STIPULATED AGREEMENT REGARDING DISCOVERY
OF ELECTRONICALLY STORED INFORMATION AND
ORDER  (NO. 2:21-CV-00488-RSM)- 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1      3.    <u>Predictive Coding, Technology Assisted Review, and Advanced Analytics</u>. The

2 parties may use reasonable techniques to further identify relevant or irrelevant documents,

3 including, but not limited to, predictive coding, other technology-assisted review, and/or any

4 form of advanced analytics. If the producing party intends to use such tools, it shall disclose its

5 intent to use the same and provide for an opportunity to meet and confer to discuss the process

6 with the receiving party. Either party may in good faith request reasonable, non-privileged, non-

7 work-product information about the software and methodology used for the review sufficient to

8 evaluate the reasonableness of the review.

9      4.    <u>Format</u>. The parties continue to negotiate over the appropriate production format

10 and will submit (or move for) supplemental provisions if needed.

11      5.    <u>De-duplication</u>. The parties may de-duplicate their ESI production across

12 custodial and non-custodial data sources after disclosure to the requesting party, and the

13 duplicate custodian information removed during the de-duplication process tracked in a

14 duplicate/other custodian field in the database load file.

15      6.    <u>Email Threading</u>. The parties may use analytics technology to identify email

16 threads and need only produce the unique most inclusive copy and related family members and

17 may exclude lesser inclusive copies. Upon reasonable request, the producing party will produce a

18 less inclusive copy.

19      7.    <u>Parent-Child Relationships</u>. Parent-Child relationships (the association between an

20 attachment and its parent document) must be preserved so a document and any attachments to that

21 document are produced in the same production set and such relationships are identifiable.

22      8.    <u>Metadata fields</u>. The parties agree that, to the extent that the agreed-upon

23 production format includes ESI metadata (which the parties are still negotiating), only the

24 metadata fields listed in **Exhibit A** need be produced, to the extent they exist already, with their

25 productions of ESI materials, and only to the extent it is reasonably accessible and non-

26 privileged. The list of metadata fields is intended to be flexible and may be changed by

STIPULATED AGREEMENT REGARDING DISCOVERY
OF ELECTRONICALLY STORED INFORMATION AND
ORDER  (NO. 2:21-CV-00488-RSM)- 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  agreement of the parties, particularly in light of advances and changes in technology, vendor, and

2  business practices.

3    9.    Hard-Copy Documents. The parties agree to produce hard-copy documents in an

4  electronic format, with the document maintained as it was in hard copy (including preserving

5  document breaks) and metadata sets forth the custodian or custodian/location associated with

6  each produced document. Hard-copy documents will be scanned using Optical Character

7  Recognition technology and searchable ASCII text files will be produced (or Unicode text

8  format if the text is in a foreign language), unless the producing party can show that the cost

9  would outweigh the usefulness of scanning (for example, when the condition of the paper is not

10  conducive to scanning and will not result in accurate or reasonably useable/searchable ESI).

11  Each file will be named with a unique Bates Number (e.g., the unique Bates Number of the first

12  page of the corresponding production version of the document followed by its file extension).

13    **D.    Preservation of ESI**

14    The parties acknowledge that they have a common law obligation, as expressed in Fed. R.

15  Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable information in the

16  party's possession, custody, or control. With respect to preservation of ESI, the parties agree as

17  follows:

18    1.    Absent a showing of good cause by the requesting party, the parties shall not be

19  required to modify the procedures used by them in the ordinary course of business to back-up

20  and archive data; provided, however, that the parties shall preserve all discoverable ESI in their

21  possession, custody, or control.

22    2.    The parties will supplement their disclosures in accordance with Fed. R. Civ. P.

23  26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure

24  here that data is created after a disclosure or response is made (unless excluded under Sections

25  (D)(3) or (E)(1)-(2)).

26

STIPULATED AGREEMENT REGARDING DISCOVERY
OF ELECTRONICALLY STORED INFORMATION AND
ORDER  (NO. 2:21-CV-00488-RSM)- 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

3.      Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

   a.      Deleted, slack, fragmented, or other data only accessible by forensics.

   b.      Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

   c.      On-line access data such as temporary internet files, history, cache, cookies, and the like.

   d.      Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

   e.      Back-up data that are duplicative of data that are more accessible elsewhere.

   f.      Server, system or network logs.

   g.      Data remaining from systems no longer in use that is unintelligible on the systems in use.

   h.      Electronic data (e.g., email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android devices), provided that a copy of all such electronic data is automatically saved in real time elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

   i.      Text messages in possession, custody, and control of the Parties prior to 2019.

**E.    Privilege**

1.      A producing party shall create a privilege log of all documents fully withheld from production on the basis of a privilege or protection, unless otherwise agreed or excepted by this Agreement and Order. Privilege logs shall include a unique identification number for each document and the basis for the claim (attorney-client privileged or work-product protection). For ESI, the privilege log may be generated using available metadata, including author/recipient or

to/from/cc/bcc names; the subject matter or title; and date created. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure. Privilege logs will be produced to all other parties no later than 30 days before the deadline for filing motions related to discovery unless an earlier deadline is agreed to by the parties.

2. Redactions need not be logged so long as the basis for the redaction is clear on the redacted document.

3. With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

4. Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

5. Pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**F.    Modifications**

Any practice or procedure set forth herein may be varied by agreement of the parties, confirmed in writing, where such variance is deemed appropriate under the circumstances, or by order of the Court.

**Exhibit A: List of Metadata Fields**

Pursuant to Section C.8, the parties agree to produce the following metadata fields (or their reasonable equivalent) for all documents produced electronically:

| Field Name | Field Description | Must be Populated for All Documents |
|---|---|---|
| BegBates | First Bates Number (Production number) of an item. | x |
| EndBates | Last Bates Number (Production number) of an item.<br>**The EndBates field should be populated for single-page items. | x |
| BegAttach | First Bates Number of attachment range of family (*i.e.*, Bates Number of the first page of the parent document). | x |
| EndAttach | Last Bates Number of attachment range of family (*i.e.*, Bates Number of the last page of the last attachment in the family). | x |
| Custodian | Name of person from whose files the item is produced. | x |
| CustodianOther | Name of the person(s), in addition to the Custodian, from whose files the item would have been produced if it had not been de-duplicated. | x (if deduplicated globally (*i.e.*, horizontally)) |
| FilePath | The file path of the document as it existed at collection.<br><u>Note</u>: Producing Party may truncate the file path using a method reasonably calculated to remove | |

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

| Field Name | Field Description | Must be Populated for All Documents |
|---|---|---|
|  | Network-level identification information such as, without limitation, IP addresses, resolvable server names, and infrastructure file-path information, but excluding removal of the custodial or shared Network drive letter. The parties understand that collection tools may add to or truncate file path information, provided however that collection tools do not overwrite the file path information to be provided. |  |
| FileSize | Size (in kilobytes) of the source nativefile. |  |
| FileName | File name of document. |  |
| FileExt | The file extension of the document(*e.g.*, doc, nsf, rtf, pdf etc.). |  |
| HashValue | The unique hash value of the file. |  |
| EmailThreadFamilyID | Unique identifier from email threading algorithm to denote emailsfrom a single thread. |  |
| EmailOutlookType | Type of Outlook item, *e.g.*, email, calendar item, note, task. |  |
| NativeFileLink | Hyperlink path for documents provided in native format.<br><br>**The linked file must be named perthe BegBates value. | x (ESI only) |

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

| Field Name | Field Description | Must be Populated for All Documents |
|---|---|---|
| DateSent (mm/dd/yyyy) | Date email or calendar item was sent. | |
| TimeSent (hh:mmAM/PM) | Time email or calendar item was sent. | |
| DateReceived (mm/dd/yyyy) | Date email or calendar item was received. | |
| TimeReceived (hh:mmAM/PM) | Time email or calendar item was received. | |
| ParentBates | First Bates Number for the parent item of a family. <br><br> **This field should be populated for all members of a family. | x |
| AttachBates | First Bates Number of each "child" attachment. <br><br> **Can be more than one Bates Number listed depending on the number of attachments. If multiple Bates Numbers, separate by semi-colon (;). | x |
| To | The names and SMTP email addresses of all recipients that were included on the "To" line of the email or calendar item. | |
| From | The name and SMTP email address of the sender of the email or calendar item. | |
| CC | The names and SMTP email addresses of all recipients that were included on the "CC" line of the email or calendar item. | |
| BCC | The names and SMTP email addresses of all recipients that were included on the "BCC" line of the email or calendar item. | |

STIPULATED AGREEMENT REGARDING DISCOVERY
OF ELECTRONICALLY STORED INFORMATION AND
ORDER  (NO. 2:21-CV-00488-RSM)- 10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

| Field Name | Field Description | Must be Populated for All Documents |
|---|---|---|
| DateCreated (mm/dd/yyyy) | Date the item was created. | |
| TimeCreated (hh:mm AM/PM) | Time the item was created. | |
| FileName | The filename of the source native file for an ESI item. | |
| Date Modified | Date the item was modified. | |
| Time Modified | Time the item was last modified. | |
| Subject | Any value populated in the subject field of the source file metadata or document properties (*e.g.*, subject line of email or calendar item). | |
| TextPath | Full relative path to the current location of the document-level text file. | |
| Privilege | Indicates if a document has been redacted for privilege or if a member of a document family has been withheld for privilege. | |
| Export Controlled | Indicates if a document is subject to export controls under U.S. law. | |
| Confidentiality | Indicates if item has been designated as "Confidential" or "Attorneys' Eyes Only" under the parties' protective order. | x |
| AttachRange | Bates Number of the first page of the parent item to the Bates Number of the last page of the last attachment "child" item. | x |
| RecordType | To indicate "Paper," "Hard Copy," or "HC" if a hard copy document and "ESI" if it is an ESI item. | x |
| Application | Indicates software application that generated the ESI item (*e.g.*, Outlook, Word). | |
| Production Volume | Production volume name or number. | x |

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

| Field Name | Field Description | Must be Populated for All Documents |
|---|---|---|
| Redacted | User-generated field that will indicate redactions. "X," "Y," "Yes," "True," are all acceptable indicators that the document is redacted. Otherwise, blank. | x |
| MessageID | The unique message identifier generated by the source email or calendar system. | |
| Title | Any value populated in the title field of the source file metadata or item properties. | |
| Author | Creator of the document; any value populated in the author field of the source file metadata or document properties. | |

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Submitted jointly on this 14th day of November, 2024:

WHITMYER IP GROUP LLC

By: _s/ Alan Harrison_
Wesley W. Whitmyer, Jr. (*pro hac vice*)
Alan Harrison (*pro hac vice*)
600 Summer Street
Stamford, CT  06901
Phone: (203) 703-0800
Fax: (203) 703-0801
Email: litigation@whipgroup.com
          wwhitmyer@whipgroup.com

McNAUL EBEL NAWROT & HELGREN PLLC

By: _s/ Gregory J. Hollon_
Gregory J. Hollon, WSBA No. 26311
Timothy B. Fitzgerald, WSBA No. 45103
600 University Street, Suite 2700

PERKINS COIE LLP

By: _s/ Ulrike B. Connelly_
Kathleen M. O'Sullivan, WSBA No. 27850
Harry Schneider, Jr., WSBA No. 9404
Eric B. Wolff, WSBA No. 43047
Ulrike B. Connelly, WSBA No. 42478
Marten N. King, WSBA No. 57106
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000
Emails:   KO'Sullivan@perkinscoie.com
          EWolff@perkinscoie.com
          HSchneider@perkinscoie.com
          UConnelly@perkinscoie.com
          MKing@perkinscoie.com

*Counsel for The Boeing Company*

STIPULATED AGREEMENT REGARDING DISCOVERY
OF ELECTRONICALLY STORED INFORMATION AND
ORDER  (NO. 2:21-CV-00488-RSM)- 12

1    Seattle, Washington 98101
     Phone:  (206) 467-1816
2    Fax:  (206) 624-5128
     Email:  ghollon@mcnaul.com
3            tfitzgerald@mcnaul.com

4    *Counsel for Timaero Ireland Limited*

5                              **[PROPOSED] ORDER**

6            Based on the stipulation of counsel, the foregoing Stipulated Agreement Regarding

7    Discovery of Electronically Stored Information is accepted and ORDERED to govern in this

8    matter.

9

10   Dated: _____, 2024

11                                              _____
                                                The Honorable Ricardo S. Martinez
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26