UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIMAERO IRELAND LIMITED,<br><br>               Plaintiff,<br><br>     v.<br><br>THE BOEING COMPANY, a Delaware<br>Corporation,<br><br>               Defendant. | Case No. 2:21-cv-00488-RSM<br><br>**Letter of Request for International Judicial Assistance**<br>**(Letters Rogatory)** |

## LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTERS ROGATORY)

The United States District Court for the Western District of Washington, Honorable Ricardo S. Martinez, United States District Court Judge, presiding, located at 700 Stewart Street, Suite 13134, Seattle, WA 98101, United States of America, presents its compliments to the High Court of the Republic of Ireland and requests international judicial assistance pursuant to the Foreign Tribunals Evidence Act of 1856 and Order 39 and Rules 39–44 of the Rules of the Superior Courts 1986 to obtain documentary evidence and deposition testimony for use at trial.

The Court respectfully requests the assistance described herein as necessary in the interests of justice. The assistance requested is that the High Court of Ireland compel the production of documents and the appearance to give testimony under oath by the individuals named below.

**REQUEST FOR LETTERS ROGATORY – 1**
(No. 2:21-cv-00488-RSM)

## I.    BACKGROUND

**A.    Sender:**

The Honorable Ricardo S. Martinez
U.S. District Court for the Western District of Washington
700 Stewart Street
Suite 13134
Seattle, WA 98101
United States

**B.    Central Authority of the Requested State:**

Master of the High Court
Central Office of the High Court of Ireland
Four Courts
Ground Floor (East Wing)
Inns Quay
Dublin 7
HighCourtCentralOffice@courts.ie

**C.    Person to Whom the Executed Request is to be Returned:**

Kathleen M. O'Sullivan
Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
KOSullivan@perkinscoie.com

**D.    Names and Addresses of Persons from Whom Evidence is Sought:**

Sean McCreery
11 Stonepark Abbey
Rathfarnham
Dublin 14
D14 R6V9
Ireland

Alan O'Driscoll
1 Grant's Row
Mount Street Lower
Dublin 2
D02 HX96
Ireland

REQUEST FOR LETTERS ROGATORY – 2
(No. 2:21-cv-00488-RSM)

**E.    Time for Completion of Production of Documents and Testimony:**

It is respectfully requested that the present request be considered as expeditiously as possible.

**F.    Requesting Judicial Authority:**

The Honorable Ricardo S. Martinez
U.S. District Court for the Western District of Washington
700 Stewart Street
Suite 13134
Seattle, WA 98101
United States

**G.    To the Competent Authority of:**

The High Court of Ireland

**H.    Name of the Case and Identifying Number:**

*Timaero Ireland Limited v. The Boeing Company*, Case No. 2:21-cv-00488-RSM (W.D. Wash).

**I.    Names and addresses of the parties and their representatives:**

Wesley W. Whitmyer, Jr.
Henry M. Purtill
Alan Harrison
Whitmer IP Group LLC
600 Summer Street
Stamford, Connecticut 06901
Telephone: +1.203.703.0800
Facsimile:+1.203.703.0801
litigation@whipgroup.com
wwhitmyer@whipgroup.com
hpurtill@whipgroup.com
aharrison@whipgroup.com

Gregory J. Hollon
Timothy B. Fitzgerald
McNaul Ebel Nawrot & Helgren PLLC
University Street, Suite 2700
Seattle, Washington 98101
Phone: +1.206.467.1816
Fax: +1.206.624.5128

REQUEST FOR LETTERS ROGATORY – 3
(No. 2:21-cv-00488-RSM)

ghollon@mcnaul.com
tfitzgerald@mcnaul.com

*Attorneys for Plaintiff Timaero Ireland Limited*

Michael S. Paisner
Kathleen M. O'Sullivan
Harry H. Schneider, Jr.
Ulrike B. Connelly
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
MPaisner@perkinscoie.com
KOSullivan@perkinscoie.com
HSchneider@perkinscoie.com
UConnelly@perkinscoie.com

*Attorneys for Defendant The Boeing Company*

**REQUEST FOR LETTERS ROGATORY – 4**
(No. 2:21-cv-00488-RSM)

## II.    NATURE OF THE PROCEEDING

This case arises from contract negotiations between Boeing and representatives of Timaero that occurred more than a decade ago in Moscow, Russia. Dkt. No. 157, Third Amended Complaint (the "Complaint" or "Compl.") ¶¶ 102, 120, 121. Plaintiff Timaero Ireland Limited ("Timaero") is an Irish company "in the business of purchasing aircraft and leasing/selling them for profit." *Id.* ¶ 1. The Complaint alleges that, following a letter of intent between the then-"President and CEO of Boeing Commercial Airplanes[] and Vyacheslav Soloviev (on behalf of Timaero) . . . to purchase (20) 737 MAX aircraft valued at more than $2 billion," the parties engaged in negotiations and ultimately consummated agreements between 2014 and 2016 for the purchase of 22 737 MAX airplanes. *Id.* ¶¶ 100, 120, 189. Timaero filed suit against Boeing in 2019 and sought more than $200 million in damages (approximately €171 million EUR) for claims relating to these transactions. *Id.* p. 115 (Prayer for Relief ¶ C). When it filed the lawsuit, Timaero was indirectly owned by a financial entity called Vnesheconombank ("VEB.RF") that itself was owned by the Russian Federation. Dkt. No. 7.

Following the Court's ruling on Boeing's motion to dismiss Timaero's Third Amended Complaint, Dkt. No. 127, Timaero's remaining claims are for breach of contract, fraud, and negligent misrepresentation. *See* Compl. ¶¶ 286-375. Timaero has the burden of proof for all of its claims, and Boeing denies that these claims have merit; further, any damages to Timaero must be offset or reduced by the amount of damages that Timaero's repudiation of the contract caused to Boeing.

This case is currently assigned to U.S. District Court Judge Ricardo S. Martinez. This case is currently active and is in the discovery stage.

## III.    EVIDENCE TO BE OBTAINED

**A.    Identity and Address of Persons to be Examined:**

Sean McCreery is a national and resident of the Republic of Ireland. He was a director of Timaero and signed a Purchase Agreement for twenty 737 MAX airplanes, purportedly based on

REQUEST FOR LETTERS ROGATORY – 5
(No. 2:21-cv-00488-RSM)

fraudulent misrepresentations by Boeing. His address is 11 Stonepark Abbey, Rathfarnham, Dublin 14, D14 R6V9, Ireland.

Alan O'Driscoll is a national and resident of the Republic of Ireland. He was a director of Timaero and signed a supplemental agreement that Timaero alleges contained misrepresentations at issue in this case. His employer's address is 1 Grant's Row, Mount Street Lower, Dublin 2, D02 HX96, Ireland.

**B.    Statement of the subject matter about which the identified persons are to be examined:**

Boeing seeks testimony from Mr. McCreery and Mr. O'Driscoll to obtain relevant evidence to defend against the allegations made in Timaero's Complaint.

Boeing has reason to believe that Mr. McCreery and Mr. O'Driscoll can give relevant evidence by examination. As former directors of Timaero, they participated in the purchase decisions and signed the contracts with Boeing that are at the heart of this dispute. Mr. McCreery signed the initial Purchase Agreement and related supplemental agreements, which Timaero alleges were entered into by Timaero on the basis of fraudulent statements and misrepresentations. And Timaero contends that Mr. O'Driscoll signed acceptance of a supplemental exhibit to the Purchase Agreement regarding Flight Training that Timaero relied on in deciding whether to execute the Purchase Agreement.

In light of their knowledge, Boeing seeks Mr. McCreery's and Mr. O'Driscoll's testimony to gain evidence regarding: (1) why Timaero decided to purchase the 737 MAXs from Boeing, (2) what representations Boeing made about the 737 MAXs to Timaero before it signed the Purchase Agreement, (3) Timaero's internal deliberations regarding the 737 MAX purchase, and (4) Timaero's reasons for entering into the initial agreement and various supplemental agreements with Boeing.

**C.    Confidentiality:**

REQUEST FOR LETTERS ROGATORY – 6
(No. 2:21-cv-00488-RSM)

This Letter of Request also requests that the confidentiality of any evidence produced as a result of this Letter of Request be maintained pursuant to the laws of the Republic of Ireland as well as pursuant to an Agreed Protective Order issued by this Court. *See* Dkt. No. 63. The Agreed Protective Order provides specific confidentiality protections for testimony furnished in the course of this lawsuit including trade secrets, confidential business information, or other confidential or proprietary information. Pursuant to this Agreed Protective Order, this Court respectfully requests that this Letter of Request and any information provided in response to this Letter of Request not be disclosed to any individuals or entities other than the parties in this action and their legal counsel, any Examiner of the Court, the transcribers, the videographers, or this Court's designees. Boeing agrees to be bound by any similar protective order issued by the High Court of Ireland pertaining to any information disclosed in response to this Letter of Request. Boeing will not object to a request by Mr. O'Driscoll for such an order.

**D.     Requirements that the evidence be given on oath or affirmation and any special form to be used:**

This letter includes the following requests:

- Mr. McCreery and Mr. O'Driscoll be placed under oath or affirmation in accordance with the relevant procedure that Irish law provides for in these matters to appear for a deposition before an appropriately qualified person;

- Mr. McCreery and Mr. O'Driscoll be examined orally by counsel for Boeing, as counsel for Boeing is familiar with the complex issues in this case and it would be advantageous to allow Boeing's counsel to conduct the questioning rather than to have the questioning done by an Irish judicial authority. In the circumstances, the procedure of having Boeing's counsel appointed to take the testimony is appropriate and necessary;

**REQUEST FOR LETTERS ROGATORY – 7**
(No. 2:21-cv-00488-RSM)

- Counsel for Boeing be permitted not only to examine and re-examine Mr. McCreery and Mr. O'Driscoll, but also to ask questions of a nature appropriate for cross-examination;

- The time available for counsel for Boeing to conduct the oral deposition of Mr. McCreery be seven (7) hours of examination on the record;

- The time available for counsel for Boeing to conduct the oral deposition of Mr. O'Driscoll be seven (7) hours of examination on the record;

- That an authorized court reporter be present at the examinations who shall record Mr. McCreery's and Mr. O'Driscoll's oral testimony verbatim and prepare transcripts of the evidence, which shall be provided to them for review, identification of errata, and signature within 45 days of being provided the transcript;

- That videographic records be taken of the proceedings;

- That the examinations take place in person;

- That any objections as to the admissibility of certain testimony or the manner in which questions are asked or answers are given be "reserved," in that they are noted for the record, but not resolved at the deposition and instead addressed and resolved by this Court when the testimony is presented at trial; and

- That the conduct of the depositions and privileges or duties not to give evidence shall be the same as if the deponents were testifying under the applicable provisions of the United States Federal Rules of Civil Procedure. Such privileges include the following:

  o Under the laws of the United States, a party has a privilege to refuse to give evidence if the evidence discloses a confidential communication between that party and an attorney for that party that was made for the purpose of

**REQUEST FOR LETTERS ROGATORY – 8**
(No. 2:21-cv-00488-RSM)

obtaining legal advice and which privilege has not been waived explicitly or implicitly.

- o  Under the Fifth Amendment to the United States Constitution, a party has a privilege to refuse to give evidence if he reasonably believes that his disclosures could be used in a criminal prosecution or lead to other evidence that could be used in that manner.

In the event the evidence cannot be taken in the manner or location requested, it is to be taken in such a manner or location as provided by local law.

## IV.    RECIPROCITY

The courts of the United States are authorized by statute codified at Title 28 of the United States Code, Section 1782, to extend similar assistance to the tribunals of the Republic of Ireland and will reciprocate the courtesies shown by the judicial authorities of Ireland.

## V.    RESPONSIBILITY FOR REIMBURSABLE FEES AND COSTS

Any fees and costs incurred which are reimbursable under the laws of the Republic of Ireland shall be borne by Perkins Coie LLP, 1301 Second Avenue, Suite 4200 Seattle, Washington 98101-3804.

WITNESS Ricardo S. Martinez, United States District Court for the Western District of Washington, this 4th day of August, 2025.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

**REQUEST FOR LETTERS ROGATORY – 9**
(No. 2:21-cv-00488-RSM)