1

Hon. Ricardo S. Martinez

2

3

4

5

6

7
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
8
AT SEATTLE

9
TIMAERO IRELAND LIMITED,

10
                                    Plaintiff,

No. 2:21-00488-RSM

11
        v.

PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO
COMPEL IN-PERSON 30(b)(6)
DEPOSITIONS

12
THE BOEING COMPANY,

13
                                    Defendant.

14

15
## I.  INTRODUCTION AND BACKGROUND

16
        As Boeing is well aware, the individuals who have knowledge about Timaero's

17
claims in this matter and Boeing's Rule 30(b)(6) topics are not currently able to enter the

18
United States. Accordingly, on July 8, July 17, July 31, and August 15, 2025, Timaero

19
offered to make its Rule 30(b)(6) corporative representatives available to Boeing for

20
depositions by video-conference on any topics identified by Boeing. *See* **Exs. 1, 2, 3, 4**.[1]

21
In light of Timaero's exceptional circumstances, which are further explained below and

22
demonstrated by the Declarations of Kirill Izmailskiy and Igor Krasnov ("Izmailskiy

23
Decl." and "Krasnov Decl.," both filed herewith), it would be appropriate for the Court to

24
order video-conference depositions under Fed. R. Civ. P. 30(b)(4) and (6).

25

26
        [1] Exhibits 1-6 referenced herein are attached to the Declaration of Alan Harrison Re
Motion to Compel In-Person Depositions ("Harrison Decl."), filed herewith.

PL.'S OPP'N TO DEF.'S MOT. TO COMPEL IN-PERSON
30(b)(6) DEPOSITIONS (Case No. 2:21-00488-RSM) – Page 1

LAW OFFICES OF
WHITMYER IP GROUP LLC
600 Summer Street
Stamford, Connecticut 06901
(203) 703-0800

Timaero's corporate representatives with knowledge of the Rule 30(b)(6) topics include Kirill Izmailskiy and Igor Krasnov. Harrison Decl. ¶ 5; *see also* Izmailskiy Decl., Krasnov Decl.  Neither Mr. Izmailsiy nor Mr. Krasnov is currently able to legally travel to the United States. *Id.* While Timaero has identified other individuals who may have knowledge of the parties' claims or defenses, none is willing to provide testimony on behalf of Timaero as a corporate representative. See Harrison Decl. ¶ 6.

Timaero has repeatedly made clear to Boeing that its corporate representatives are not currently able to travel to the United States. Harrison Decl. ¶ 11. Given these circumstances, Boeing appeared willing to conduct depositions of Timaero's corporate representatives in their *personal* capacity by videoconference. For example, on August 12, 2025, Boeing issued a deposition notice for Mr. Krasnov specifying deposition by Zoom video-conference; **Ex. 5**; it subsequently withdrew the notice. **Ex. 6.** But now, despite the fact that the representatives are not presently allowed to enter the United States for any purpose, Boeing has demanded that Timaero's corporate representatives appear for depositions in their corporate capacity in person in Seattle.

While it is as yet unclear whether Mr. Izmailskiy may attend in the United States, it appears indisputable that Mr. Krasnov cannot. See Krasnov Decl. ¶¶ 12-14, 16, 17.

It appears that Boeing is unfairly attempting to take advantage of Mr. Izmailskiy's and Mr. Krasnov's inability to travel to the United States. If Timaero's representatives are compelled by this Court to appear in-person for a deposition that they may not legally attend, and then fail to attend, perhaps Boeing may move for dispositive sanctions and escape the massive financial liability that it incurred by selling Timaero planes that could not safely fly and were never delivered. Or perhaps Timaero may be compelled to proffer other, less knowledgeable representatives who cannot be prepared to the same level as the representatives Timaero has designated. Then Boeing, again, may move for dispositive

PL.'S OPP'N TO DEF.'S MOT. TO COMPEL IN-PERSON
30(b)(6) DEPOSITIONS (Case No. 2:21-00488-RSM) – Page 2

LAW OFFICES OF
WHITMYER IP GROUP LLC
600 Summer Street
Stamford, Connecticut 06901
(203) 703-0800

sanctions based on the substitute representatives' level of preparation. Indeed, Boeing signposts this plan at page 13 of its Motion.

## II. ARGUMENT

In its Motion, Boeing cites *Comair Ltd. v. Boeing Co.*, 23-cv-176-RSM Dkt. 80 (W.D.Wash. June 21, 2024) (the "Comair Order") and *McNutt v. Swift Transp. Co. of Ariz., LLC*, 18-cv-5668-BHS (W.D.Wash. Jan. 27, 2020) for the proposition that, absent exceptional or compelling circumstances, a plaintiff must appear for deposition in the plaintiff's chosen forum. Boeing quotes the *Comair* holding "that Comair must make a 30(b)(6) representative available for an in-person deposition in this District no later than 30 days from the date of this Order." Motion at 11.

But the Court's *Comair* order was more nuanced and recognized that the general rule is not black and white. Indeed, the Court in *Comair* stated:

> "Generally, a plaintiff is required to submit to a deposition in the forum in which he brought suit." *Cervantes v. City of Des Moines*, No. C06-1714RSM, 2007 WL 9775555, at 1 (W.D. Wash. Oct. 16, 2007) (internal citation omitted); see also *McNutt v. Swift Transportation Co. of Arizona, LLC*, No. C18-5668 BHS, 2020 WL 419487, at 1 (W.D. Wash. Jan. 27, 2020). **However**, where a plaintiff can show good cause, a court may order the deposition to take place elsewhere. *Id.*; *see, e.g., In re Puerto Rico Elec. Power Authority*, 687 F.2d 501, 507 (1st Cir. 1982) (indicating that a plaintiff is not compelled to attend a deposition in the forum in which he brought suit if he can show undue burden or expense); see also *Forde v. Urania Transp., Inc.*, 11 D.C.N.Y. 1958, 168 F.Supp. 240, 241 (finding that a plaintiff from Barbados was not compelled to attend a deposition in New York where he lacked the finances to make the journey).

Comair Order at 5 (emphasis added).

Under similar circumstances, federal courts have recognized that a plaintiff need not appear for a deposition in the jurisdiction where the case is pending. For example, in *Abdullah v. Sheridan Square Press, Inc.*, 154 F.R.D. 591 (S.D.N.Y. 1994), the plaintiff was a refugee resident of the United Kingdom, who "ha[d] been advised that whilst he can travel to the United States he would not be allowed to return to the United Kingdom to pursue his asylum application." *Abdullah*, at 592. The court noted that "plaintiff had no

LAW OFFICES OF
WHITMYER IP GROUP LLC
600 Summer Street
Stamford, Connecticut 06901
(203) 703-0800

genuine choice of forum, because defendants are located in the United States" and, accordingly, "the most reasonable solution is to hold plaintiffs deposition in London, at his apartment as he has offered." *Id.* at 593.

Another similar case is *Delgado v. Magical Cruise Company, Ltd.*, 6:15-cv-02139 Dkt. 37 (M.D. Fla., May 30, 2017). There, "Delgado's attorney represented that visa difficulties will most likely preclude his client's presence at trial, making testimony by remote means essential to preserve Delgado's testimony for trial." *Id*. at 3. The Court ordered, in light of Rule 30(b)(4) and five similar cases, that Delgado's testimony could be preserved by a Skype deposition.

Boeing cites *O.H. v. Secret Harbor*, 23-cv-60-JNW (W.D. Wash. Oct. 29, 2024) for the proposition that "[i]f one individual is unable to travel to the United States, Timaero must prepare and present a different witness who can do so." Motion at 12. But *Secret Harbor* says absolutely nothing about a situation where a corporate plaintiff's only available designees are not legally authorized to travel to the United States. It simply does not stand for the proposition Boeing asserts.

Here, Timaero is not suggesting that Boeing counsel travel outside the United States to take the deposition of the designated 30(b)(6) representatives, although such might be reasonable in light of precedent. Rather, Timaero has repeatedly offered to make its 30(b)(6) representatives available by video-conference. This offer is particularly reasonable in light of the circumstance that, unlike the plaintiff in *Abdullah*, Timaero's representatives are not legally permitted to appear in the United States. It is not a matter, as in *Abdullah*, that entering the United States would deprive the 30(b)(6) representatives of legal standing elsewhere; rather, the United States will not permit the 30(b)(6) representatives entry. *See* Izmailskiy Decl., Krasnov Decl.

To the extent that Boeing continues to insist upon Timaero hiring and educating some other representative who may attend the deposition in person, Timaero asks: "why?"

LAW OFFICES OF
WHITMYER IP GROUP LLC
600 Summer Street
Stamford, Connecticut 06901
(203) 703-0800

If the purpose of deposition is to obtain meaningful and reliable evidence, deposing a representative with personal knowledge, who is available by video, surely would be more efficacious than an in-person deposition of a substitute representative not employed by Timaero with second-hand education.[2] Only if Boeing has a purpose for the deposition other than obtaining the best possible discovery would it make sense to prefer a less knowledgeable in-person representative who has attempted to memorize a broad range of information over a knowledgeable representative appearing by videoconference.

While Boeing cites *Blankenship v. Hearst Corp.* for the proposition that an opponent of discovery must bear a "heavy burden," that 1975 case was decided a quarter-century before a significant amendment of Rule 26 in 2000. The 2000 amendment required that discovery be limited to "matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26. That amendment of Rule 26 set for the proponent of discovery a hurdle from which Boeing flinches: "The party seeking discovery must show that its discovery request is relevant and proportional to the needs of the case." *De Coster et al. v. Amazon.com*, 2:20-cv-00424-JHC, 2:21-cv-00693-JHC, 2:22-cv-00965-JHC (W.D. Wash. Aug 08, 2025) at 3 (emphasis added). In its 3,619-word motion to compel, Boeing gave zero words to show that its demands for in-person depositions of people who cannot enter the United States are proportional to the needs of the case. And Boeing's demands for in-person depositions ignore the fact that federal courts have repeatedly recognized that leave to take depositions remotely should be "liberally" granted. *See, e.g. Swenson v. Geico Cas. Co.* 336 F.R.D. 206, 209 (D. Nev.

---

[2] Such a deposition would amount to a memory test, as the substitute designee would be forced to attempt to memorize responsive information about which he or she had no personal knowledge and with which they had no personal involvement. That is not the purpose of a Rule 30(b)(6) deposition—instead, the rule is designed to allow an opposing party to take the deposition of an organization through the person most knowledgeable about designated topics. Although a designee is not required to have personal knowledge about each topic, an organization should not be required to proffer individuals with less knowledge when, as here, individuals with more knowledge are available.

LAW OFFICES OF
WHITMYER IP GROUP LLC
600 Summer Street
Stamford, Connecticut 06901
(203) 703-0800

2020) (collecting cases). As *Swenson* makes clear, if the proponent of a remote deposition can advance a legitimate reason to proceed remotely, the burden shifts to the opposing party to make a "particularized showing" that proceeding by remote means would be prejudicial. *Id.* (citation omitted). Here, Timaero has articulated a legitimate reason to proceed remotely, and Boeing makes not a single argument about why a remote deposition would somehow prejudice Boeing.[3] This alone is sufficient to deny the Motion.

Timaero has good reason to believe that Boeing's claim that it needs *in-person* testimony on "Timaero's decision to seek to terminate the Purchase Agreement" is purely strategic. In related litigation before this Court, Boeing demanded the exact same testimony from Comair's 30(b)(6) representative, who Boeing forced to travel from South Africa to Seattle as "the witness on category No. 8 concerning 'Comair's decision to seek to terminate the Purchase Agreement including any contractual provision(s) Comair claims permitted it to terminate." *Comair*, 2:23-cv-176-RSM, Dkt. No. 93 at 7 (W.D. Wash. Sep. 13, 2024). That deposition lasted only 47 minutes. *Id*. It is not mentioned in Boeing's Motion for Summary Judgment in that case. *Comair*, Dkt. No. 278 (W.D.Wash. Jun. 9, 2025).

In short, Boeing's motion to compel appears to be a sideshow intended to distract from the merits of Timaero's pending motion for summary judgment — which needs no further fact discovery to be considered.

Accordingly, Timaero respectfully opposes the motion to compel in-person depositions and requests the Court instead order Boeing to take the videoconference depositions of its corporate representatives that Timaero has repeatedly offered.

---

[3] As the court noted in *Floodbreak LLC v. T. Moriarty & Son Inc.*, 754 F.Supp.3d 330, 333 (E.D.N.Y. 2024), arguments that proceeding by videoconference somehow prejudices the party taking the deposition are generally unpersuasive. As the *Floodbreak* court made clear, video depositions allow the examining party to view a witness's demeanor and are an effective way to gather information a commit a witness to their testimony. *Id.* (citations omitted).

PL.'S OPP'N TO DEF.'S MOT. TO COMPEL IN-PERSON
30(b)(6) DEPOSITIONS (Case No. 2:21-00488-RSM) – Page 6

LAW OFFICES OF
WHITMYER IP GROUP LLC
600 Summer Street
Stamford, Connecticut 06901
(203) 703-0800

I certify that this memorandum contains 1,906 words, in compliance with the Local Civil Rules.

DATED this 13th day of November, 2025.

WHITMYER IP GROUP LLC

By: _s/_    _Alan Harrison_
        Wesley W. Whitmyer, Jr. (*pro hac vice*)
        Henry M. Purtill (*pro hac vice*)
        Alan Harrison (*pro hac vice*)
        600 Summer Street
        Stamford, Connecticut 06901
        Telephone: (203) 703-0800
        Facsimile: (203) 703-0801
        Email:    litigation@whipgroup.com
                  hpurtill@whipgroup.com>
                  aharrison@whipgroup.com


McNAUL EBEL NAWROT & HELGREN PLLC

        Gregory J. Hollon, WSBA No. 26311
        Timothy B. Fitzgerald, WSBA No. 45103
        600 University Street, Suite 2700
        Seattle, Washington 98101
        Phone:   (206) 467-1816
        Fax:     (206) 624-5128
        Email:    ghollon@mcnaul.com
                  tfitzgerald@mcnaul.com

        *Attorneys for Plaintiff*

LAW OFFICES OF
WHITMYER IP GROUP LLC
600 Summer Street
Stamford, Connecticut 06901
(203) 703-0800