UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIMAERO IRELAND LIMITED,<br><br>        Plaintiff,<br><br>   v.<br><br>THE BOEING COMPANY,<br><br>        Defendant. | CASE NO. C21-488 RSM<br><br>ORDER DENYING DEFENDANT'S MOTIONS TO COMPEL |

This matter is before the Court on Defendant Boeing's Motion to Compel Plaintiff's 30(b)(6) Deposition, Dkt. #188. Boeing seeks to compel an in-person 30(b)(6) deposition of Plaintiff in this District. Boeing reports that Plaintiff Timaero has written that "its preferred corporate representatives are unable to obtain visas for entry to the United States." *Id*. at 5. Timaero's counsel stated in a June 23, 2025, letter, "[w]e believe Igor Krasnov will likely be Timaero's designee on most topics but because he has had his U.S. visa revoked, his deposition will need to be via video conference." Dkt. #189-4. On August 15, 2025, Timaero's counsel wrote:

> …our client Timaero has one owner (Kirill Izmailskiy) and no employees. Kirill is trying to get a visa to come to the US to testify and for trial. We have also told you that we have a second person, Igor Krasnov, who is both personally knowledgeable about many issues in the case, and willing to testify on behalf of Timaero. Igor's visa was revoked when he tried to visit his son in college, so his deposition will have to be by video.

Dkt. #189-5.

ORDER DENYING DEFENDANT'S MOTIONS TO COMPEL – 1

In response to this Motion, Plaintiff Timaero has attached declarations from Izmailskiy and Krasnov supporting the above statements. *See* Dkts. #203-2 and #203-3. The owner Izmailskiy states that his appointment to obtain a visa is not until February 19, 2026. Dkt. #203-3 at 3. Timaero argues "[i]t appears Boeing is unfairly attempting to take advantage of Mr. Izmailskiy's and Mr. Krasnov's inability to travel to the United States." Dkt. #203 at 2.

The Court is satisfied that the parties have met and conferred about these issues.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The party that resists discovery has the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

"Generally, a plaintiff is required to submit to a deposition in the forum in which he brought suit." *Cervantes v. City of Des Moines*, No. C06-1714RSM, 2007 WL 9775555, at *1 (W.D. Wash. Oct. 16, 2007) (internal citation omitted); *see also McNutt v. Swift Transportation Co. of Arizona, LLC*, No. C18-5668 BHS, 2020 WL 419487, at *1 (W.D. Wash. Jan. 27, 2020). However, where a plaintiff can show good cause, a court may order the deposition to take place elsewhere. *Id.*; *see, e.g., In re Puerto Rico Elec. Power Authority*, 687 F.2d 501, 507 (1st Cir. 1982) (indicating that a plaintiff is not compelled to attend a deposition in the forum in which he brought suit if he can show undue burden or expense); *see also Forde v. Urania Transp., Inc.*,

ORDER DENYING DEFENDANT'S MOTIONS TO COMPEL – 2

D.C.N.Y. 1958, 168 F.Supp. 240, 241 (finding that a plaintiff from Barbados was not compelled to attend a deposition in New York where he lacked the finances to make the journey).

The Court finds that Plaintiff has set forth extraordinary circumstances permitting a remote deposition of its preferred 30(b)(6) witness.  The Court is convinced that the individuals most able to respond to Boeing's 30(b)(6) topics cannot travel to this district for reasons outside their control.  Boeing has failed to present adequate evidence of prejudice or any other reason to grant the requested relief.

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Defendant Boeing's Motion to Compel Plaintiff's 30(b)(6) Deposition, Dkt. #188, is DENIED as stated above.  The parties are DIRECTED to work together to proceed with a video deposition in a timely fashion.

Dated this 29th day of January, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING DEFENDANT'S MOTIONS TO COMPEL – 3