THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TIMAERO IRELAND LIMITED,

          Plaintiff,

    v.

THE BOEING COMPANY,

          Defendant.

No. 2:21-CV-00488-RSM

**BOEING'S MOTION TO COMPEL**

**NOTE ON MOTION CALENDAR:
MAY 11, 2026**

## I.    INTRODUCTION

Despite initiating this lawsuit over six years ago, Timaero has persistently shirked its obligations in the discovery process necessary to prosecute its claims. Timaero has failed to provide adequate Rule 26 disclosures, sidestepped Boeing's discovery requests, and stonewalled Boeing's months-long efforts to resolve these issues without judicial intervention. And just days ago, Timaero further confirmed that evidence has been spoliated, as has been clear for some time. Boeing seeks this Court's assistance as a last—but necessary—resort to obtain the relevant discovery to which it is entitled.

First, Timaero has not provided a computation of its asserted damages. Despite forecasting a half-dozen unique theories of monetary harm—compensatory damages, consequential damages, lost profits, accrued interest on a third-party loan, liquidated damages, and punitive damages—Timaero has not offered any computation on five of those theories. Timaero even ignored Boeing's

BOEING'S MOTION TO COMPEL
(No. 2:21-CV-00488-RSM) – 1

multiple requests seeking disclosures of how—or *whether*—Timaero intends to prove each damages claim. The Federal Rules forbid such trial by ambush.

Second, Timaero has failed to timely produce and essentially admitted having spoliated board-of-director meeting minutes central to this case. For years, Timaero unjustifiably withheld *all* its meeting minutes; Timaero finally began producing some of them only three months ago, on the eve of the depositions of two of Timaero's former directors. Timaero is still withholding the minutes of at least 17 relevant meetings. Timaero's own descriptions of those withheld documents make clear that they memorialized Timaero's business decisions relevant to this dispute—for example, Timaero's board's consideration of "[a]pproving [a] Boeing transaction." Timaero's excuses for failing to produce those documents, moreover, have become increasingly untenable: Timaero initially claimed it could not retrieve the documents because its corporate secretary refused to relinquish them, only to now admit they are within its custody and control but must have been lost or destroyed. That is textbook spoliation.

Finally, Timaero's privilege log—which has *four* entries—does not come close to making a prima facie showing that any listed document is entitled to protection. Nor does the log afford Boeing a meaningful opportunity to assess Timaero's privilege claims; instead, Timaero made boilerplate assertions of "Attorney-client privilege; attorney work product" without identifying any custodian, attorney, client, person, or entity who sent or received each document. Timaero also admits that the log contains errors but refuses to fix them. Because Timaero's log fails to make a prima facie showing that any privilege applies, this Court should order Timaero to produce its documents (either to Boeing or for *in camera* inspection) or to serve a corrected log.

## II.    BACKGROUND

**A.    Timaero fails to provide a damages computation and to respond to Boeing's requests for discovery about Timaero's alleged monetary harm.**

Timaero has failed to disclose a damages computation and disregarded Boeing's repeated discovery requests concerning Timaero's alleged financial injuries.

BOEING'S MOTION TO COMPEL
(No. 2:21-CV-00488-RSM) – 2

Timaero has suggested that it seeks various forms of damages and monetary relief, including:

- "compensatory damages," Crown Decl. Ex. 1 (Pl.'s Initial Disclosures) at 32;

- "consequential damages to Timaero's business reputation and goodwill" resulting in the loss of "substantial business and revenues," Dkt. 157 ¶¶ 315, 345, 364; Ex. 2 (Pl.'s Resp. to Boeing's Interrogs. No. 2) at 5;

- "lost profit," Dkt. 157 at 115; Ex. 1 at 32;

- "interest accrued on Timaero's loan" with a nonparty to this suit, Dkt. 157 ¶ 19 & p. 115;

- "liquidated damages," *id.* ¶ 373 & p. 115; Ex. 2 at 5; and

- "punitive damages" totaling "at least three times the amount of compensatory damages," Ex. 1 at 32; Ex. 2 at 5.

Aside from its alleged "compensatory damages," Timaero has not disclosed the basis for any of these categories, despite Boeing's multiple discovery requests. *See* Ex. 3 at 9-11 (Pl.'s Resp. to Req. for Producs. Nos. 8-9). Moreover, over the last six years of litigation, Timaero has not produced any documents or other records substantiating its alleged loss of "goodwill" and "substantial business and revenues," "lost profits," "interest accrued on Timaero's loan" with a third party, or "punitive damages."

Timaero has similarly rebuffed Boeing's interrogatories on those issues. After Boeing served an interrogatory requesting "a complete and detailed calculation of each category of alleged damages," Ex. 2 at 5 (Interrog. No. 2), Timaero stated that it sought "compensatory damages" of approximately $189 million in pre-delivery payments it had made under the parties' contracts (plus statutory interest), without describing Timaero's five other claims for monetary relief. *Id.* Instead, Timaero promised more "detail[]" about its unspecified claims for "liquidated damages," "incidental and consequential damages," and "punitive damages" "during expert discovery." *Id.* Timaero never supplemented that answer. Nor did it provide expert discovery on those questions:

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Its expert report simply repeats Timaero's claim that it was owed approximately $189 million and purported to apply statutory interest to that amount. *See* Crown Decl. ¶ 3. The report does not mention other damages categories. *Id.*

Boeing has repeatedly followed up on its requests for discovery into Timaero's damages allegations. For example, in June 2024, the parties met and conferred to discuss whether Timaero would drop its claim for lost profits following this Court's dismissal of Timaero's product liability claim. Ex. 4. Timaero did not respond. Crown Decl. ¶ 4. In October 2025, after another meet-and-confer, Boeing identified Timaero's failure to produce documents relating to Timaero's alleged losses and damages. Ex. 5. Rather than supplement its productions, Timaero prematurely moved for summary judgment—nearly six months before the then-operative discovery cutoff. *See* Dkt. 186. And in February 2026, Boeing asked Timaero to supplement its initial disclosures and respond to Boeing's discovery requests by (1) identifying each category of damages that Timaero still intends to pursue, (2) stating the amount of damages that Timaero intends to seek under each category, (3) explaining how Timaero calculated each amount, and (4) producing all documents relating to or evidencing the damages and/or losses that Timaero claims. Ex. 6. Following additional meet-and-confers, Timaero did not respond. Crown Decl. ¶ 5.

**B.     Timaero fails to produce board meeting minutes relevant to this litigation.**

Timaero entered the contracts relevant here by vote of its board of directors, Ex. 7 at 45:18-22, which—along with the accompanying deliberations—were memorialized in meeting minutes, Ex. 8 at 133:20-134:9. Timaero's board met at least annually from 2013 through 2021. Ex. 9 at 9-10 (Pl.'s Resp. to Req. for Admis. No. 50).

In March 2020, Boeing served requests for production that encompassed Timaero's meeting minutes. Ex. 10 (1/27/2026 Letter); Ex. 3 (Req. for Producs. Nos. 2, 3, 5-8). Yet Timaero did not begin producing *any* meeting minutes until Boeing was poised to depose Timaero's former directors six years later—in February 2026. Even that belated production comprised only a single

BOEING'S MOTION TO COMPEL
(No. 2:21-CV-00488-RSM) – 4

board minute, which Timaero surrendered after Boeing again raised Timaero's failure to produce any meeting minutes at all. Crown Decl. ¶ 6; Ex. 10 at 2.

After Timaero's former directors confirmed the existence of additional board meeting minutes, Boeing requested those documents at least four times. Ex. 11 at 3, 9; Ex. 12 at 1, 3; Ex. 13. But while Timaero finally produced some minutes—approximately 80 in total—that production omitted minutes from at least 17 meetings relevant to this dispute. Ex. 12 at 1; Crown Decl. ¶ 7. Based on Timaero's own descriptions, those unproduced minutes address, among other things, the parties' "Purchase Agreement" and a "lease agreement for MAX aircraft" delivered to Timaero. Ex. 11 at 2-3, 9. Other unproduced minutes appear to address "[a]pproving [a] Boeing transaction," Timaero's "management accounts," and Timaero's agreements with third parties "in relation to" delivered MAX aircraft. Crown Decl. ¶ 7. Timaero has admitted that it has authority to request copies from its company secretary and that it retains possession, custody, or control over copies of those minutes. Ex. 9 at 9-11 (Pl.'s Resp. to Req. for Admis. Nos. 50-52, 54). During an April 9, 2026, meet and confer, however, Timaero revealed for the first time that its corporate secretary may have lost (or potentially destroyed) these unproduced documents. Crown Decl. ¶ 8.

**C.      Timaero fails to provide a compliant privilege log.**

The ESI Order requires parties to provide privilege logs with (a) enough detail to allow the other party to "evaluat[e] the privilege claim asserted" and (b) "such additional information as required by the Federal Rules of Civil Procedure." Dkt. 160 § E(1).

Timaero produced a single privilege log on May 8, 2024—much of which is in Russian. Ex. 1. The log identifies only four documents and contains only four columns titled, "Item"; "Bates range"; "Summary"; and "Basis of privilege." *Id.* For each document, Timaero claims privilege based on "Attorney-client privilege; attorney work product." *Id.* Timaero's privilege log lacks information about (a) the custodians of the documents; (b) the individuals who sent the documents; (c) dates of the communications/documents; (d) the individuals who were shown or received the

BOEING'S MOTION TO COMPEL
(No. 2:21-CV-00488-RSM) – 5

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

documents; and (e) any attorneys.[1] Timaero's privilege log also appears to be massively underinclusive. Only privileged documents created *after* this lawsuit was filed are exempt from inclusion on the privilege log; otherwise discoverable documents must be logged. Dkt. 160 § E(3). Timaero almost certainly has additional documents that should be logged given the parties' extensive interactions and discussions relating to their legal dispute before Timaero initiated this lawsuit. *See* Dkt. 194 at 8.

Boeing has repeatedly requested that Timaero correct its privilege log, to no avail. In February 2026, for example, Boeing explained that the scant information and errors in Timaero's log prevented Boeing from evaluating Timaero's privilege assertions. Crown Decl. ¶ 9. And in several emails and meet-and-confers in March and April 2026, Boeing reiterated its request for a corrected log. Timaero has not provided one. *Id.* ¶ 10.

### III.   LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Where a party fails to provide discovery required under the Federal Rules, the requesting party may move for an order compelling production. Fed. R. Civ. P. 37(a)(1). "The party that resists discovery has the burden to show why the discovery request should be denied." *Davis v. UnitedHealth Grp. Inc.*, No. C21-1220-RSM, 2025 WL 3785286, at *2 (W.D. Wash. May 20, 2025).

---

[1] Timaero has also admitted that its log contains erroneous Bates numbering. *See* Ex. 15 at 1.

BOEING'S MOTION TO COMPEL
(No. 2:21-CV-00488-RSM) – 6

### IV.   ARGUMENT

**A.   Timaero must provide discovery into its alleged damages.**

"[I]t is the Plaintiff's burden to provide the computation of damages." *Reed Constr., Inc. v. James River Ins. Co.*, No. C11-960 MJP, 2012 WL 13024803, at \*2 (W.D. Wash. Apr. 6, 2012). Under Federal Rule of Civil Procedure 26(a)(1)(A)(iii), the plaintiff must provide "a computation of each category of damages claimed" at the outset. The plaintiff's initial disclosures must include "sufficient detail so as to enable [the defendant] to understand the contours of its potential exposure and make informed decisions as to settlement and discovery." *Frontline Med. Assocs., Inc. v. Coventry Health Care*, 263 F.R.D. 567, 569 (C.D. Cal. 2009) (citation omitted). It "is imperative that parties comply with these disclosures." *Reed Constr.*, 2012 WL 13024803, at \*2; *see, e.g.*, *Gould v. Allstate Vehicle & Prop. Ins. Co.*, No. 2:22-cv-00820-LK, 2023 WL 3018865, at \*6 (W.D. Wash. Apr. 20, 2023) ("It is unacceptable that the [plaintiffs] have been unable to provide any calculations regarding increased utility costs this late in the game.").

Rule 26(e) further requires a party to supplement its initial disclosures and discovery responses "in a timely manner if [it] learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Those obligations apply with full force to damages computations: A plaintiff must timely "supplement their initial disclosures with facts or evidence supporting [a claimed damages] figure." *Wong v. Seattle Sch. Dist. No. 1*, No. C16-1774 RAJ, 2018 WL 4630385, at \*6 (W.D. Wash. Sept. 27, 2018). "Simply providing documents or other information and assuming that the defendant will somehow divine the plaintiff's damages computation from those documents or other information is insufficient and not in accord with the requirements of Rule 26(a) and (e)." *Id.* at \*5 (quoting *MKB Constructors v. American Zurich Ins. Co.*, No. C13-0611-JLR, 2014 WL 4848229, at \*6 (W.D. Wash. Sept. 29, 2014)); *see National Prods. Inc. v. Innovative Intelligent Prods. LLC*, No. 2:20-cv-00428-DGE, 2024 WL 3582365, at \*2 (W.D. Wash. July 30, 2024) (it is

BOEING'S MOTION TO COMPEL
(No. 2:21-CV-00488-RSM) – 7

not "enough for a party to explain, in general terms, the theories underlying its damages claims"). A plaintiff's failure to timely disclose damages calculations and evidence is sanctionable unless the failure was "substantially justified" or "harmless." Fed. R. Civ. P. 37(c)(1); *see Wong*, 2018 WL 4630385, at *6 (excluding damages testimony); *Reed Constr.*, 2012 WL 13024803, at *1-2 (same).

Here, Timaero's damages disclosures and discovery responses have been deficient for more than half a decade. Timaero has at various times alleged six categories of damages: (1) compensatory damages (plus statutory interest) tethered to Timaero's pre-delivery payments; (2) consequential damages to Timaero's business reputation and goodwill resulting in the loss of substantial business and revenues, (3) lost profits, (4) interest accrued on a loan that Timaero entered with a third party, (5) liquidated damages, and (6) punitive damages. *See* p. 3, *supra*. Yet Timaero has provided a computation of only the first category. *Id.* That is "clearly deficient." *Frontline Med. Assocs.*, 263 F.R.D. at 569-570 ("If Plaintiff intends to seek lost profits, it should also state its computation of expenses and lost profits."); *see, e.g.*, *Wong*, 2018 WL 4630385, at *6 ("[W]here parties fail to provide their damages calculations in their initial disclosures and fail to supplement them, this Court has prohibited those parties from introducing damages evidence at trial." (collecting cases)). Timaero's lack of disclosure is extremely prejudicial because it forces Boeing "to guess that [Timaero] might attempt to prove some other damages calculation at trial that [it] had not yet disclosed during discovery." *MKB Constructors*, 2014 WL 4848229, at *7.

Although sanctions might eventually be appropriate, Boeing currently seeks a modest remedy: to "compel amendment of [Timaero]'s initial disclosures" and discovery responses. *National Prods.*, 2024 WL 3582365, at *3. The Court should compel Timaero to (a) identify each category of damages Timaero intends to assert at trial, (b) state the amount of alleged damages in each category, (c) compute how each category of damages was determined, and (d) identify documents supporting the specific amount of damages alleged in each category. Once Boeing has assessed

BOEING'S MOTION TO COMPEL
(No. 2:21-CV-00488-RSM) – 8

Timaero's updated disclosures and responses, Boeing may move to exclude theories that it lacked a fair opportunity to explore in fact and expert discovery.

**B.      Timaero must produce board meeting minutes.**

Timaero's undisclosed board minutes are responsive and relevant, and their production would be plainly proportional to the needs of this litigation. *See* Fed. R. Civ. P. 26(b)(1). As early as March 2020, Boeing asked for—and Timaero agreed to produce—any documents relating to or evidencing the execution of the parties' various contracts or Timaero's efforts to sell or lease aircraft. Ex. 3 (Req. for Producs. Nos. 2, 3, 5-8); Ex. 11. Those requests cover Timaero's undisclosed board minutes: According to Timaero's own descriptions, one set of undisclosed board meeting minutes concerns "[a]pproving [a] Boeing transaction"; other minutes address approval of management accounts and Timaero's lease and agency agreements for certain aircraft that it accepted under the Purchase Agreement. Crown Decl. ¶ 7. Still more undisclosed minutes concern amendments to a purchase agreement for aircraft from a different manufacturer—a transaction for which there is no evidence Timaero took delivery or leased any aircraft. *Id.*

Boeing expects those minutes to show that Timaero sought to rescind *all* its contracts with aircraft manufacturers—not only with Boeing—because of Timaero's poor financial performance. Such evidence would further disprove Timaero's fraud and breach-of-contract claims by showing that Boeing never made any misrepresentations; that none of those alleged statements would have been material to Timaero's decision-making; and that Timaero unequivocally repudiated its contracts not because of Boeing's conduct, but because of Timaero's own financial shortfalls.

Timaero has offered no legitimate "substantive explanation why it cannot provide" its meeting minutes and it admits having "authority to obtain" those documents. *Wilson v. Washington*, No. C16-5366 BHS, 2017 WL 518615, at *3 (W.D. Wash. Feb. 8, 2017); Ex. 9 at 10 (Pl.'s Resp. to Req. for Admis. No. 52). Timaero delayed for years before producing minutes from any board meeting. *See* pp. 4-5, *supra*. That belated production (minutes from a single meeting) was woefully incomplete. Timaero waited until *after* Boeing had deposed Timaero's former directors

BOEING'S MOTION TO COMPEL
(No. 2:21-CV-00488-RSM) – 9

in Ireland before finally producing some—but far from all—minutes memorializing additional board meetings involving those directors. *Id.* And despite admitting that it has "possession, custody, or control" over its meeting minutes, Ex. 9 at 11 (Pl.'s Resp. to Req. for Admis. No. 54), Timaero inexplicably failed to produce minutes from at least 17 board meetings. In fact, Timaero finally disclosed—on April 9, 2026, more than six years after Timaero initiated this lawsuit—that many responsive and relevant minutes (regarding the parties' "Purchase Agreement" and a "lease agreement for MAX aircraft" delivered to Timaero) were likely lost or destroyed, Crown Decl. ¶ 8. Timaero's piecemeal and selective productions further suggest that Timaero has either withheld or spoliated relevant evidence.

Timaero should be directed either to produce those documents or to explain in writing why it did not preserve them so that Boeing may seek appropriate sanctions.

**C.    Timaero must produce the documents included in its deficient privilege log or serve a corrected log.**

Timaero bears the burden of establishing that privilege applies to the documents it has withheld. *United States v. Martin*, 278 F.3d 988, 999-1000 (9th Cir.), *as amended on denial of reh'g* (Mar. 13, 2002). To sustain its privilege claims, Timaero must "describe the nature of the documents … and do so in a manner that, without revealing information itself privileged or protected, will enable [Boeing] to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). A privilege log "make[s] a prima facie showing that" a document is privileged if it identifies "(a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, *and* (e) the date the document was generated, prepared, or dated." *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992) (emphasis added). "A privilege log can be deemed insufficient for purposes of" maintaining privilege "if the description and comments do not provide enough to support the claim." *Bronsink v. Allied Prop. & Cas. Ins. Co.*, No. C09-00751-MJP, 2010 WL 597489, at *2 (W.D. Wash. Feb. 16, 2010).

BOEING'S MOTION TO COMPEL
(No. 2:21-CV-00488-RSM) – 10

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Timaero has not shown that the documents on its privilege log are protected by the attorney-client privilege or the work product doctrine. Timaero's log does not identify the alleged attorney or client involved in any of the communications. *See Grand Jury Investigation*, 974 F.2d at 1071; *MKB Constructors v. Am. Zurich Ins. Co.*, No. C13-0611-JLR, 2014 WL 2526901, at *10 (W.D. Wash. May 27, 2014) (holding that privilege log "entries are insufficient because they do not list 'the attorney and client involved'" (citation omitted)). It does not disclose the custodians of the documents or the individuals who created, sent, saw, or received the documents. *See Bronsink*, 2010 WL 597489, at *3 (ordering party to produce documents when privilege log lacked basic information allowing identification of "who the authors and recipients" of communications were). And it offers no indication that the documents were prepared in anticipation for litigation or trial. Indeed, there is no evidence that the documents listed on Timaero's log even were prepared *for Timaero* (instead of a different entity); the second document entry, for example, references a memorandum addressing whether a nonparty Russian "non-profit organisation … has any corporate relationship" with a nonparty Russian state-owned bank. Ex. 14 at 2.

Timaero has thus failed to establish that the attorney-client privilege or work product doctrine protects any of these documents, and this Court should order their production. *See Bronsink*, 2010 WL 597489, at *3 (ordering production of documents when privilege log provided did not identify "who the authors and recipients were" and provided "no specific explanations sufficient to fill factual gaps"); *Bauman v. American Com. Ins. Co.*, No. C15-1909-MJP, 2016 WL 11627693, at *6 (W.D. Wash. July 5, 2016) (citing similar defects in holding that a "privilege log does not succeed any better in satisfying the requirements for an adequate work product description than it does for establishing attorney-client privilege"). Alternatively, this Court should either "order[] the[] [documents] produced for in camera inspection to determine whether the documents were entitled" to protection, *id.* at *6, or require Timaero to serve a compliant privilege log.

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## V.    CONCLUSION

For the reasons above, the Court should compel Timaero to:

(1) update its initial disclosures and discovery responses to (a) identify each category of damages Timaero intends to assert at trial, (b) state the total alleged damages in each category, (c) compute how Timaero determined each category of damages, and (d) identify documents supporting Timaero's alleged damages in each category;

(2) produce Timaero's board meeting minutes; and

(3) produce the four documents listed on Timaero's privilege log.

## VI.    MEET AND CONFER CERTIFICATION

Pursuant to Federal Rule of Civil Procedure 27(a)(1) and Local Civil Rule 37(a)(1), counsel for Boeing (Kathleen M. O'Sullivan and Nicholas S. Crown) conferred with counsel for Timaero (Alan Harrison) by videoconference on March 10, 2026, and April 9, 2026, about this dispute. On the April 9 meet and confer, counsel agreed that the parties were at an impasse. Crown Decl. ¶¶ 5, 11.

I certify that this memorandum contains 3,689 words, in compliance with the Local Civil Rules.

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Dated: April 20, 2026

By:  s/ *Michael S. Paisner*

Michael S. Paisner, WSBA No. 48822
Kathleen M. O'Sullivan, WSBA No. 27850
Harry Schneider, Jr., WSBA No. 9404
Marten N. King, WSBA No. 57106

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
MPaisner@perkinscoie.com
KOSullivan@perkinscoie.com
HSchneider@perkinscoie.com
MKing@perkinscoie.com

Nicholas S. Crown, WSBA No. 51260

**Perkins Coie LLP**
700 13th Street, NW, Suite 800
Washington, DC 20005-3960
Telephone: +1.202.654.3396
Facsimile: +1.310.717.1283
NCrown@perkinscoie.com

*Attorneys for Defendant*
*The Boeing Company*

BOEING'S MOTION TO COMPEL
(No. 2:21-CV-00488-RSM) – 13

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that on April 20, 2026, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notification of the filing to the email addresses indicated on the Court's Electronic Mail Notice List.

Dated: April 20, 2026

s/ *Michael S. Paisner*

BOEING'S MOTION TO COMPEL
(No. 2:21-CV-00488-RSM) – 14

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000