UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIMAERO IRELAND LIMITED, | CASE NO. C21-488 RSM |
| Plaintiff, | ORDER GRANTING BOEING'S MOTION FOR RELIEF UNDER RULE 56(d) |
| v. | |
| THE BOEING COMPANY, | |
| Defendant. | |

This matter is before the Court on Defendant Boeing's sealed Motion for relief under Rule 56(d), Dkt. #194. This Motion was filed On October 30, 2025, less than a week after Plaintiff Timaero filed a Motion for Partial Summary Judgment, Dkt. #186. At the time, discovery was still ongoing and indeed remains ongoing. The parties have stipulated to continuing the discovery deadline to May 29, 2026, with dispositive motions due June 30, 2026. Dkt. #221. Boeing recently filed a Motion to Compel, which is pending. Dkt. #222.

Federal Rule of Civil Procedure 56(d) "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). Under Rule 56(d), if the nonmoving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it;

ORDER GRANTING BOEING'S MOTION FOR RELIEF UNDER RULE 56(d) – 1

(2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). To prevail under Rule 56(d), the party opposing summary judgment must make "'(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'" *Emp'rs Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox*, 353 F.3d 1125, 1129 (9th Cir. 2004) (quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986)). The Ninth Circuit has held that a Rule 56(d) continuance "should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence." *Burlington N. Santa Fe R.R. Co. v. The Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003) (internal quotation marks and citations omitted). However, the Court of Appeals has also explained that a party requesting relief pursuant to Rule 56(d) "must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).

The Court has reviewed the briefing and the remainder of the record and finds that Boeing's Motion is timely and that it sets forth at least some specific relevant information that it seeks to obtain through depositions so as to justify the requested relief.  At the time of the Motion for Partial Summary Judgment, Boeing had not yet had an opportunity to depose Timaero's 30(b)(6) witness to inquire about, *e.g.*, the circumstances surrounding Timaero seeking to terminate the Purchase Agreement at issue in the Motion for Partial Summary Judgment.  Boeing has been diligent in trying to obtain this information.  Given the above legal standards and the procedural history of this case, the Court will grant this Motion and deny Timaero's Motion for Partial Summary Judgment with leave to refile after discovery is concluded.

ORDER GRANTING BOEING'S MOTION FOR RELIEF UNDER RULE 56(d) – 2

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS:

1) Defendant Boeing's Motion for relief under Rule 56(d), Dkt. #194, is GRANTED.

2) Plaintiff Timaero's Motion for Summary Judgment, Dkt. #186, is DENIED with leave to refile after discovery is concluded.

3) All associated Motions to Seal, Dkts. #185, #192, #199, and #204 are GRANTED.

DATED this 22nd day of April, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE